UNITED STATES of America,
Plaintiff-Appellee,

v.

Willard HARDAWAY, Defendant-
Appellant.

No. 16206.

United States Court of Appeals
Sixth Circuit.

Sept. 23, 1965.

John G. Crutchfield (Court appointed), Louisville, Ky., for appellant.

William E. Scent, U. S. Atty., Ernest W. Rivers, Asst. U. S. Atty., Louisville, Ky., for appellee.

Before WEICK, Chief Judge, and CECIL * and EDWARDS, Circuit Judges.

EDWARDS, Circuit Judge.

Defendant in this case was tried and convicted on a four-count indictment, the first count of which charged armed robbery of the United States Post Office, placing in jeopardy the life of an employee therein in violation of Section 2114, Title 18 U.S.C.

The District Judge before whom the trial took place sentenced defendant, as is made mandatory by the statute cited above, to 25 years imprisonment on Count One. He also sentenced him to three five-year sentences on three additional counts, to run concurrently with the 25-year sentence.

He also provided in his judgment: "The Defendant shall become eligible for parole at such time as the Board of Parole may determine."

Subsequently, under Rule 35 of the Federal Rules of Criminal Procedure, defendant-appellant herein filed a motion to correct his "illegal sentence," citing Rivera v. United States, 318 F.2d 606 (C.A.9, 1963). He argued that the parole provision was illegal and ineffective.

The District Judge denied the motion to correct sentence, holding that the statute involved in Rivera contained language which distinguished it from Title 18 U.S.C. § 2114, here involved.

* Judge Lester L. Cecil became a Senior Circuit Judge on August 1, 1965.

On appeal to this court the posture of the case changed in two regards. First, the government conceded that the parole statute, Title 18 U.S.C. § 4208, as it was adopted, contained the following language which was apparently not called to the District Judge's attention at the time of the hearing on the instant motion: "This Act does not apply to any offense for which there is provided a mandatory penalty." 72 Stat. 847, § 7.[1]

The government therefore concedes that this court should remand the case to the District Court with "instructions to strike the provisions relating to parole 'at such time as the Board of Parole may determine.'"

At the same time court-appointed counsel for appellant presented to our court the argument that two Circuit Courts of Appeal had held that the sentencing court dealing with the provisions of § 2114, Title 18 U.S.C., while not empowered to authorize the use of parole, could nonetheless have made use of probation.

It appears that Judge Medina, in a well considered opinion in United States v. Donovan, 242 F.2d 61 (C.A.2, 1957), arrived at this conclusion for the Second Circuit, and that the Fifth Circuit has approved the same rule in Smith v. United States, 284 F.2d 789 (C.A.5, 1960), albeit in a footnote. See page 791.

■ The mandatory sentence provisions of Title 18 U.S.C. § 2114, were first enacted in the year 1799 and have been reenacted over the years with few and insignificant changes. The Federal Probation Statute was first enacted in 1925, Title 18 U.S.C. § 3651. Its language authorizes the federal courts to suspend the imposition or execution of sentence for "any offense not punishable by death or life imprisonment." It appears to us to have been the purpose of this statute to authorize the use of probation in the discretion of the District Judge in relation to any offense not clearly precluded by the language just recited.

■■ We hold that the District Judge in this case did not have the power to authorize parole because of the restrictive language contained in the Parole Statute which we have quoted above. We hold that he did have the power to suspend sentence under the Federal Probation Act of 1925, if in view of all the circumstances of the case he found it desirable to do so. This holding, we believe, is supported (at least in dictum) by the unanimous opinion of the Supreme Court in Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963).

The sentence on Count One of the instant indictment is vacated and the case is remanded to the District Court for resentence.

---

1. This section was not incorporated into the United States Code, thereby creating much confusion.