**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George CAMERON, Defendant-Appellant.
No. 15011.**

United States Court of Appeals
Seventh Circuit.

Sept. 23, 1965.

John M. Bowlus, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, John Powers Crowley, Arthur L. Dunne, Lawrence Jay Weiner, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before DUFFY, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

The principal question raised by Cameron's appeal is whether the district court erred in denying his motion to "modify or reduce" his sentence of twenty-five years for mail robbery with a loaded gun, imposed under 18 U.S.C. § 2114, on the ground that it lacked discretion to apply 18 U.S.C. § 4208 to the sentence. We find no error in the ruling.

On September 14, 1964 Cameron entered a plea of guilty to Count I of an indictment charging him, and another, under 18 U.S.C. § 2114, with robbery of a postal department employee of mail in his possession and placing the employee's life in jeopardy by use of a loaded pistol. Judgment of conviction on the plea resulted in a sentence of twenty-five years

imprisonment. At the time of sentencing, Cameron's oral motions for presentence investigation and for probation were denied. Later his written motion to modify or reduce the sentence imposed by applying thereto the provisions of 18 U.S.C. § 4208 was denied.

■ Congress approved Public Law 85–752 [1] on August 25, 1958; section 3 of that act added section 4208 of Title 18, allowing the sentencing court to fix a prisoner's eligibility for parole at the time of sentencing. But section 7 of Public Law 85–752 provided "This Act does not apply to any offense for which there is provided a mandatory penalty." [2] Furthermore, the legislative history of this act shows that the "purpose" of section 7 is to "assure that the mandatory penalties provided by statute for special categories of crime, such as armed robbery of a post office * * * shall not be affected in any way by the provisions of the bill." [3] This is sufficient basis for approval of the district court's ruling which denied Cameron's motion to reduce the twenty-five year sentence to twenty years and grant probation for the remaining five years. The sentence provided in § 2114 for one guilty of robbery, by the use of a dangerous weapon, of a United States postal employee is that he "shall be imprisoned twenty-five years." This is a "mandatory penalty" and the court had no power to apply the provisions of section 4208. The Supreme Court decision in Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963), is not authority to the contrary. The claim of error in this ruling is without merit.

■ Contrary to Cameron's argument in this court, the district court hearing on September 14, 1964 clearly shows that the court understood that, though the sentence was mandatory, it could be suspended for probation under 18 U.S.C. § 3651. Andrews v. United States, 373 U.S. at 335, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383. The court heard Cameron's attorney, and Cameron, on the original oral motion for probation and denied the motion. There is no claim of abuse of discretion in that ruling.

Affirmed.

---

1. 72 Stat. 845 (1958).

2. 72 Stat. 847 (1958).

3. 1958 U.S. Code Cong. & Ad. News 3891, 3892.