William Herbert JONES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19745.

United States Court of Appeals
Eighth Circuit.

Dec. 31, 1969.

William Herbert Jones, pro se.

Robert E. Johnson, U. S. Atty., and James A. Gutensohn, Fort Smith, Ark., for appellee.

Before BLACKMUN, MEHAFFY and LAY, Circuit Judges.

BLACKMUN, Circuit Judge.

We are concerned here with the meaning of the words "mandatory penalty" as employed in a federal criminal statute. Do these words relate to a prison term of fixed or minimum length, as contrasted with the common "not more than * * * years", or, on the other hand, do they relate to a prison term *which must be served* and as to which postconviction benefits of suspension of sentence, probation, and parole are specifically denied?

William Herbert Jones appeals pro se and in forma pauperis from the denial of his motion, allegedly based on 28 U.S. C. § 2255 and Rule 35, Fed.R.Crim.P., to vacate and set aside his sentence and for resentencing.

In August 1965 an indictment was returned in the Western District of Arkansas charging Jones with a violation of 18 U.S.C. § 2114[1] in that on May 25, 1965, while effecting a robbery of the United States Post Office at Bonnerdale, Arkansas, of cash and blank money orders, he, by the use of a pistol, assaulted, wounded, and placed in jeopardy the life of the acting postmaster. After a plea of not guilty Jones was tried to a jury and was convicted. The 25-year sentence specified by the last part of § 2114 was imposed on October 19. The judgment, however, contained the following additional provision:

"It is further adjudged that pursuant to the provisions of Section 4208 (a), Title 18, United States Code, five years is hereby fixed as the time after which the defendant shall be eligible for parole."

The reference to § 4208(a)[2] is obviously directed to § 4208(a) (1) and not to §

1. "§ 2114. Mail, money or other property of United States
"Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

2. "§ 4208. Fixing eligibility for parole at time of sentencing
"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the

4208(a) (2). The reference in § 4208(a) (1) to one-third of the maximum sentence is geared to the general parole eligibility provisions of 18 U.S.C. § 4202.[3]

Jones was assigned to Leavenworth. He alleges that on reaching the penitentiary he was informed that the parole provision did not apply to one who had received the 25-year sentence provided by § 2114.

In his petition, filed April 18, 1969, to the district court Jones asserted that § 2114 "carries a mandatory penalty"; that a provision for parole "is inapplicable"; that his sentence is illegal and should be vacated; that he should be returned for resentencing; and that the new sentence "should not be inconsistent with the original intent of this most honorable Court." Presumably, Jones would imply, by all this, that a 5-year sentence was the proper one.

The district court denied Jones' motion without a formal hearing but ordered the modification of the judgment of conviction "by striking therefrom all reference to the provision of 18 U.S.C. 4208(a)." In its memorandum-order the court said:

"The sentence of twenty-five years is mandatory by the terms of the statute he was charged with violating, and since the length of the sentence is mandatorily fixed by the statute, the court was in error in providing in the judgment of conviction that, under the provision of 18 U.S.C. 4208(a), the defendant would be eligible for parole after service of five years of the sentence.

"The court is of the opinion that the sentence as pronounced was and is valid, and that the mere insertion in the sentence of the provision in an attempt to make applicable 18 U.S.C. 4208(a) was and is ineffective and void. * * *

*  *  *  *  *  *

"Only questions of law are raised by the motions of the petitioner, and all facts necessary to the determination of the questions are reflected by the record. * * * If the motion of petitioner were granted and the entire sentence set aside, it would necessarily follow that he would be given another 25 year sentence since the court is convinced that it would not be justified in placing him on probation at this time, but this should not be construed as any indication that the petitioner would not be entitled to parole if he conforms to all rules and regulations after he had served one-third of the sentence of twenty-five years."

In his appellate briefs Jones states that he accepted his sentence in good faith and waived his rights for appeal and Supreme Court review; that had he not been given the parole date he would have appealed; that the district court intended that he be eligible for parole in 5 years; and that he has already served 4 years "striving at all times to meet the requirements of parole." Jones thus finds himself in a position where, having asked in his way for relief, he ends up with something seemingly more unassailable than before.

Section 4208(a) (1), quoted in footnote 2 above, authorizes the sentencing court to set an earlier time for parole eligibility than would otherwise be the case under the one-third-of-the-term measure established by § 4202. The difference for Jones would be that between 5 years and 8⅓ years and, because he

---

maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

**3.** "§ 4202. Prisoners eligible
"A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years."

now has served more than 4 years, the difference appears to him to be critically important.

The difficulty, however, arises from the fact that § 4208 (along with § 4209, relating to young adult offenders, and 28 U.S.C. § 334, relating to institutes and joint councils on sentencing) had its birth with the Act of August 25, 1958. Pub. L. No. 85-752, 72 Stat. 845. Section 7 of that Act states, "This Act does not apply to any offense for which there is provided a mandatory penalty." [4] 72 Stat. 847. Is, therefore, the fixed 25-year sentence prescribed by the last part of § 2114 a "mandatory penalty" which makes unavailable the discretionary parole eligibility provisions of § 4208(a)?

We start with two factors of some significance. The first is an observation in S.Rep. No. 2013 (1958) accompanying H.J.Res. 424 (which became Pub.L. No. 85–752), 2 U.S. Code Cong. & Ad. News, 85th Cong., 2d Sess. 3891–3892 (1958):

#### "PURPOSE

"The purpose of the proposed legislation, as amended, is to improve the administration of justice by authorizing the Judicial Conference of the United States to establish institutes and joint councils on sentencing and to provide additional methods of sentencing. The legislation does not apply to any offense for which there is provided a mandatory penalty.

\*    \*    \*    \*    \*    \*

"As set forth under 'Purpose' above, the proposed legislation provides that it shall not apply to any offense for which there is provided a mandatory penalty. This is to assure that the mandatory penalties provided by statute for special categories of crime, *such as armed robbery of a post office* and violations of the Narcotic Control Act of 1926, as amended by the Narcotics Control Act of 1956, shall not be affected in any way by the provisions of the bill" (emphasis added).

The second, supplied by Jones, is a statement in a communication dated June 6, 1969, from Eugene N. Barkin, Legal Counsel for the Bureau of Prisons, to the warden at Leavenworth:

"It has always been the position of this office, as explained in our earlier memorandum, that parole eligibility under Section 4208(a) could be used on Armed Postal Robbery cases. There is some indication in the legislative history to the contrary however."

With these somewhat opposing observations we turn to the cases.

*The narcotic cases.* Section 7237(d) of 26 U.S.C. is set forth in the margin.[5] The denial of general parole eligibility (by the reference to § 4202) to these violators came with the amendment of § 7237(d) by the Narcotic Control Act of 1956, being the Act of July 18, 1956, ch. 629, Title I, § 103, 70 Stat. 568. Ten years later the Narcotic Addict Rehabilitation Act of 1966, being the Act of November 8, 1966, Pub.L. 89–793, Title V, § 501, 80 Stat. 1449, inserted the words, "and in the case of a violation of a law relating to narcotic drugs", and

---

4.  Section 7 has not been coded to the United States Code.

5.  "§ 7237. Violation of laws relating to narcotic drugs and to marihuana

    \*    \*    \*    \*    \*

    "(d) No suspension of sentence; no probation; etc.—Upon conviction—

    (1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c), (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, or such Act of July 11, 1941, as amended, or

(2) of any offense the penalty for which is provided in subsection (a) of this section, if it is the offender's second or subsequent offense.

the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply."

thus, though backhandedly, opened the way for marijuana offenders to be eligible for parole under § 4202. See H. Rep. No. 1486 and Conf.Rep. No. 2316 (1966), 3 U.S.Code Cong. & Ad.News, 89th Cong., 2d Sess., 4245 at p. 4262 and 4263 at 4269 (1966).

These positive statutory provisions seem clear enough and, indeed, the courts have held, apparently consistently, that the penalties imposed by the designated narcotic statutes are "mandatory" within the meaning of § 7 of the 1958 Act. O'Neal v. United States, 332 F.2d 152 (9 Cir. 1964); Vaughn v. United States, 359 F.2d 809, 810 (7 Cir. 1966); Rivera v. United States, 318 F.2d 606, 609–610 (9 Cir. 1963) (concededly a marijuana situation but one prior to the 1966 amendment, noted above, which made the parole provisions of § 4202 available to a marijuana offender); Trujillo v. United States, 377 F.2d 266 (5 Cir. 1967), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L. Ed.2d 221 (same). See Munich v. United States, 337 F.2d 356, 361 (9 Cir. 1964); Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436, 439 n.6 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L. Ed.2d 975; Robinson v. United States, 313 F.2d 817, 820 (7 Cir. 1963); Berry v. United States, 412 F.2d 189 (3 Cir. 1969).

It is to be noted, however, that, in these situations, the door is closed to *all* relief for the offender by way of suspension of sentence, probation, and parole. His sentence must be served. It is "mandatory" in the true sense of the word.

*The armed postal robbery cases under the last part of § 2114.* With precedent so firmly established in the narcotic area, it is perhaps not too surprising that there are decisions in the books that a postal offense violative of the last portion of § 2114 (a statute, incidentally, which has roots back to 1799) also occasions a mandatory penalty to which the benefits of § 4208(a) are unavailable. Rulings to this effect were made by the Seventh and Sixth Circuits on the very same day in 1965. In United States v. Cameron, 351

F.2d 448 (7 Cir. 1965), the court rested its decision simply on § 7 of the 1958 Act and the cited Senate Report's reference to "armed robbery of a post office". That defendant's motion to "modify or reduce" his 25-year sentence and to have the benefit of § 4208 had been denied by the district court on the ground that it lacked discretion to apply the parole statute. In United States v. Hardaway, 350 F.2d 1021 (6 Cir. 1965), the district court had imposed the 25-year sentence and, as in the case before us, had provided that the defendant should become eligible for parole as the board of parole determined. Hardaway, as did Jones, argued that the parole provision was illegal and moved to correct his sentence. This was denied. On appeal the government conceded that the case should be remanded but with instructions to strike the parole provision. The court of appeals vacated the sentence and remanded for resentencing. It, too, felt that there was no power to authorize parole because of the restrictive language in the 1958 Act. The court cited, however, the *Donovan* and *Smith* cases, both referred to below and described them as situations where the courts permitted probation for a § 2114 offense but were "not empowered to authorize the use of parole". 350 F.2d at 1022. This comment as to the holdings in *Donovan* and *Smith* about probation is correct, but we read both *Donovan* and *Smith* in vain for any reference therein as to the unavailability of parole.

On the other hand, it now seems established, despite an earlier apparently contrary holding in Tesar v. United States, 128 F.2d 591 (6 Cir. 1942), that one convicted of a violation of the last phrase of § 2114 may have the benefit of a suspended sentence and probation under 18 U.S. C. § 3651. United States v. Donovan, 242 F.2d 61, 64 (2 Cir. 1957); Smith v. United States, 284 F.2d 789, 791 n. 2 (5 Cir. 1960); United States v. Cameron, supra, 351 F.2d at 449; United States v. Hardaway, supra, 350 F.2d at 1022 (where the court did not cite its earlier seemingly contrary holding in *Tesar*). See Andrews v. United States, 373 U.S.

334, 340, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963). It is interesting to observe that in United States v. Donovan, supra, 242 F.2d at 64, Judge Medina phrased the issue in terms of whether the 25-year sentence "is absolutely mandatory" or is subject to suspension.

We have come to the conclusion that we must disagree with the results reached in the *Cameron* and *Hardaway* cases, and we hold that the benefits of § 4208(a) are available for discretionary use by the sentencing court for a defendant convicted of a violation of the last phrase of 18 U.S.C. § 2114. We do so because:

1. It seems to us that it is illogical and inconsistent to hold on the one hand, as the cases clearly do, that a § 2114 offender may have his entire sentence suspended and be placed on probation, and yet, on the other hand, to deny to him the lesser benefit of parole after serving some time. It makes no sense to go all the way on suspension and probation and yet be unable to go part of the way on incarceration for a time and then parole. If the 25-year sentence is not mandatory so as to preclude probation or suspension, it should not be mandatory so as to prevent the sentencing court from exercising parole discretion under § 4208(a).

2. The situation with respect to the narcotic offenses described in § 7237(d) produces no inconsistency. There all is denied—suspension, probation, and parole, and each of them.

3. The Congress has carefully delineated in § 7237(d) the narcotic offenses with respect to which suspension, probation, and parole are denied. Just as meticulously the Congress in 1966 removed the marijuana offender from the proscription as to parole. But the denial of these benefits to the armed postal robbery offender has to be read, if at all, in a statute less specific and less clear than § 7237(d) and is made to depend upon a narrower reading of the word "mandatory" than the example of § 7237(d) permits. Just as Judge Medina reasoned in the *Donovan* case that we need more

and greater congressional assurance for a denial of the general statutory provisions for probation, so here we need greater congressional assurance for the denial of otherwise broadly applicable parole provisions. We thus are inclined to channel § 7 of the 1958 Act only into statutes such as § 7237(d).

4. We know of nothing which prevents the application and availability of the general parole eligibility provisions of § 4202 to one who has received the 25-year sentence under § 2114. If the 25-year term and its specificity are to be significant enough to render relief under § 4208(a) unavailable, there would be no reason why relief under § 4202 should not also be rendered unavailable. Such is not the case. Yet both statutes effectuate the same policy.

5. The attitude of the Bureau of Prisons, as revealed by the letter of the legal counsel, is not without significance.

6. The reference to armed robbery of a post office in the 1958 Senate Report is, of course, somewhat troublesome as a matter of legislative history. That reference, however, is not supported with cited authority. It may have been no more than an honest but gratuitous insert of an example which the scrivener assumed without accompanying research. The statement is of doubtful validity in view of the Second Circuit's prior holding in United States v. Donovan, supra, and it is undercut by the Fifth Circuit's subsequent observation in Smith v. United States, supra. In any event, the statement is not authoritative. Construction of an existing statute is a task for the courts and not for legislative committees. Mr. Chief Justice Marshall long ago observed that "a mistaken opinion of the legislature concerning the law, does not make law." Postmaster-General of U. S. v. Early, 25 U.S. (12 Wheat.) 136, 148, 6 L.Ed. 577 (1827); Knickerbocker Ice Co. v. Stewart, 253 U.S. 149, 162, 40 S.Ct. 438, 64 L.Ed. 834 (1920). See United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963), where the Court held that a

proposed consolidation of banks was forbidden by § 7 of the Clayton Act, despite the observation in H.Rep. No. 1416 (1960), 2 U.S.Code Cong. & Ad.News, 86 Cong., 2 Sess. 1995 at 1998 (1960), that "the Clayton Act offers little help."

7. The Supreme Court in Andrews v. United States, supra, seems to take a broad view of the choices open to the trial court when a defendant is convicted of a violation of the last phrase of § 2114:

> "The District Court may, as before, sentence the petitioners to the same 25 years' imprisonment; it may place one or both of them on probation; *it may make some other disposition* with respect to their sentences." 373 U.S. at 340, 83 S.Ct. at 1240 (emphasis added).

There is no intimation in that language that parole is unavailable. Indeed, the implication is to the contrary.

 In summary: We hold that the term "mandatory penalty" in § 7 of the 1958 Act means a sentence which must be served devoid of the benefits of suspension, probation, and parole. Illustrative of this are the sentences for the narcotic offenses described in § 7237(d). We further hold that a 25-year sentence imposed pursuant to the last part of § 2114 is not a mandatory penalty within the meaning of § 7 of the 1958 Act.

Jones, therefore, is entitled to parole eligibility under § 4208(a) (1) in accord with the originally imposed sentence. His prison records should be corrected accordingly.

Jones, of course, must recognize that the parole board need not grant him parole status merely because the time for his parole eligibility arrives. The granting of parole is discretionary with the board. 18 U.S.C. § 4203(a); Cagle v. Harris, 349 F.2d 404, 405 (8 Cir. 1965), cert. denied, 382 U.S. 965, 86 S.Ct. 455, 15 L.Ed.2d 369.

This result makes it unnecessary for us to consider the secondary issue whether the district court could regard the reference in the original judgment to §

4208(a) as mere void material and surplusage, subject to being stricken, or whether the judgment must be vacated and the case remanded for formal resentencing. Compare the procedure noted or directed in Coon v. United States, 411 F.2d 422, 423 (8 Cir. 1969); United States v. Hardaway, supra, 350 F.2d at 1022; and Robinson v. United States, supra, 313 F.2d at 822, with that in Bailey v. United States, 301 F.2d 299 (7 Cir. 1962), and O'Neal v. United States, supra, 332 F.2d at 153.

Jones' respective motions to vacate and set aside his sentence and to return him for resentencing were properly denied and that denial is affirmed. To the extent, however, that the district court's order would modify the 1965 sentence by striking therefrom all reference to 18 U.S.C. § 4208(a), it is vacated and the sentence as originally imposed remains.