**UNITED STATES of America,**

v.

**Harry K. CAROL, Defendant.**

**No. 71 Cr. 112.**

United States District Court,
S. D. New York.

July 9, 1971.

Whitney North Seymour, Jr., U. S. Atty. for Southern District of New York, for the United States of America; John J. Tigue, Jr., New York City, of counsel.

William J. Gilbreth, New York City, for defendant.

## OPINION

FRANKEL, District Judge.

On January 28, 1971, the defendant pled guilty to a charge of acquiring marihuana without having paid the transfer tax imposed by 26 U.S.C. § 4741 (a), thus violating 26 U.S.C. §§ 4744(a) and 7237(a). The factors pertinent to sentencing weighed strongly against imprisonment, although the court thought a fine would be appropriate. Pointing out that the defendant was (as he still is) only 23 years old, defense counsel urged that he be sentenced as a young adult offender under 18 U.S.C. § 5010 (a), as that provision and the rest of the Youth Corrections Act are made available to people over 22 but under 26 by 18 U.S.C. § 4209. The strong incentive offered by such a sentence, the possibility of having the conviction set aside upon satisfactory behavior and discharge under 18 U.S.C. § 5021(b),[1] seemed to the court appropriate in every substantial respect for extension to this defendant. However, in enacting 18 U.S.C. § 4209, Congress had declared:

> "This Act does not apply to any offense for which there is provided a mandatory penalty." Act of August 25, 1958, § 7, 72 Stat. 847.

And in United States v. Kleinzahler, 306 F.Supp. 311 (E.D.N.Y.1969), upon an extended review of seemingly compelling materials, the Court found itself driven to the reluctant conclusion that sentences under 26 U.S.C. § 7237(a)—being for *"not less than* 2 or more than 10 years" (emphasis added)—are "mandatory" within the quoted provision making the benefits of 18 U.S.C. § 4209 unavailable. While it found this result inescapable under the "almost byzantine * * * complexity" of the narcotics laws, the Eastern District Court ruled it as "harsh" and of doubtful wisdom (*Id.* at 315, 317). This court reacted similarly, but likewise agreed that the mandate of Congress, if within the Constitution, must prevail. Accordingly, being apprised at the time of only the *Kleinzahler* opinion, the court sentenced the present defendant, without benefit of § 4209, to three years' probation and a fine of $500. Defense counsel was invited, however, to research the subject further and move for amelioration of the sentence under Fed.R.Crim.P. 35 if his studies seemed to warrant such a step.

The invitation was accepted—energetically, imaginatively and with happy results. The court is now convinced that defendant is eligible for treatment under 18 U.S.C. § 4209. The sentence will be corrected to reflect the wiser, less harsh construction now found to be proper.

Two precedents seem sufficient to sustain this revised position. In United States v. Donovan, 2 Cir., 242 F.2d 61 64 (1957), our Circuit considered whether the "broad sweep" of the Federal Probation Act of 1925, 18 U.S.C. § 3651, "designed to apply unless explicitly made

---

1. "Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect."

inapplicable by subsequent legislation," embraced the provision for 25-year sentences in 18 U.S.C. § 2114.[2] More specifically, the question was whether the seemingly mandatory language of § 2114 —"shall be imprisoned twenty-five years" rather than the familiar shall "be imprisoned *not more than* * * *"— was "absolutely mandatory * * * or * * * subject to a suspension of sentence * * *." *Id.* The Court "concluded that the power to suspend sentence * * * was not rendered unavailable" in the case before it. *Id.*

Employing that decision as a central authority, the Eighth Circuit, two months after *Kleinzahler,* in an opinion by Judge Blackmun, ruled squarely in favor of the position urged by the defendant before us. Jones v. United States, 8 Cir., 419 F.2d 593 (1969). The question was whether a favorable parole provision pursuant to 18 U.S.C. § 4208 (a) (1)[3] was available with respect to a sentence under the 25-year portion of 18 U.S.C. § 2114. The case is directly in point because the provision which concerns us (§ 7 of the 1958 Act excluding beneficial treatment in the case of any "mandatory penalty") applies to both § 4208 and § 4209 of Title 18. See 419 F.2d at 596. As stated by Judge Blackmun, the question as to the meaning in this context of a "mandatory penalty" was (*Id.* at 594):

"* * * Do these words relate to a prison term of fixed or minimum length, as contrasted with the common 'not more than * * * years', or, on the other hand, do they relate to a prison term *which must be served* and as to which postconviction benefits of suspension of sentence, probation, and parole are specifically denied?"

Reviewing the pertinent considerations of language, logic and consistency, the Court ruled for defendant. It held along the way that the position of the Bureau of Prisons, in a letter from its General Counsel supporting the defendant, was "not without significance." *Id.* at 598.[4] Identical considerations, including a similar letter obtained by defense counsel from the Bureau of Prisons General Counsel, sustain the defendant before us. "[T]he term 'mandatory penalty' in § 7 of the 1958 Act means a sentence which must be served devoid of the benefits of suspension, probation, and parole." 419 F.2d at 599. As all agree, the sentence in this case is not within that category. The defendant may, therefore, be treated, as the court believes he is most fairly treated, as a young adult offender.

Defendant's motion is granted. The judgment will be amended to show that his sentence of fine and probation is imposed under 18 U.S.C. § 5010(a) and (d) as extended by 18 U.S.C. § 4209. It is so ordered.

The court records its appreciation for the devoted and effective service of William J. Gilbreth, Esq., as assigned counsel in this case. Our profession is often

---

2. § 2114 provides: "Whoever assaults any person having * * * custody of any mail matter * * * of the United States, with intent to rob, steal, or purloin such mail matter * * * or robs any such person of mail matter * * * shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail * * * or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

3. § 4208(a) (1) provides that the sentencing court may "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner

shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court * * *."

4. Judge Blackmun also acknowledged that the views of his Circuit and the Second Circuit with respect to 18 U.S.C. § 2114 were not shared by some other Circuits. See United States v. Cameron, 351 F.2d 448 (7th Cir. 1965); United States v. Hardaway, 350 F.2d 1021 (6th Cir.1965). It is by no means certain that this divergence with respect to § 2114 would inevitably extend to the problem now before this court. The subject need not be pursued, however, since this court is persuaded, if not strictly compelled, to follow the authorities cited in the text.

charged, too often properly charged, with insufficient concern for our duties touching the grim business of sentencing. Our habits as lawyers lead us to think of the verdict as the end of the road, at least in the trial court, followed only by some maudlin lyricism on the day of sentence. The care and close concern exhibited in this case contrast agreeably with that pattern.