**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ricardo Chavez ORTIZ, Defendant-Appellant.**

**No. 73-1429.**

United States Court of Appeals,
Ninth Circuit.

Nov. 7, 1973.

David E. Kenner (argued), Van Nuys, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Richard Rosenfield, Asst. U. S. Atty., Jonathan D. Rapore (argued), Asst. U. S. Atty., for plaintiff-appellee.

Before HASTIE,* GOODWIN and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Chavez Ortiz was charged with aircraft piracy for hijacking a passenger aircraft in violation of 49 U.S.C. § 1472(i). His only defense was insanity. After hearing the evidence, the jury returned a guilty verdict. Chavez appeals claiming various errors. We affirm the conviction; but because the trial judge believed he lacked the power to sentence Chavez under 18 U.S.C. § 4208(a), we remand with instructions to reconsider the sentence in light of this opinion.

I

Chavez asserts that his conviction should be reversed because the trial judge violated 18 U.S.C. § 4244 which provides:

> A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury.

At a hearing held prior to trial, the trial judge, after considering the reports of three psychiatrists and observing Chavez testify, found Chavez competent to stand trial. Subsequently during the trial, and out of the jury's presence, Chavez' counsel informed the judge that the local newspaper had reported that the court had found Chavez competent. He requested the judge to inquire of the jurors as to whether they were aware of the newspaper account and to admonish them that this finding by the court was

---

* Honorable William H. Hastie, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

not relevant to their determination and should be disregarded. When the jury returned, the judge cautioned them to avoid any coverage of the case by the media and warned them that they should only pass on the evidence presented in court. The judge stated that a newspaper suggestion that he had found Chavez sane at the time of trial was incorrect. He instructed them that he had only found Chavez sufficiently intelligent at the time of trial to assist counsel and be tried. The judge further admonished the jury that his finding was in no way to influence them in any determination of whether Chavez was insane at the time of the offense and that they were not to conclude anything from the court's earlier finding.

■ We need not reach the question of whether this was error because Chavez is not in a position to object. The court's admonition to the jury was, at least in part, invited by the comments of his attorney and after it was given, no objection was made and there was no motion for a mistrial. *See* United States v. Julian, 450 F.2d 575, 578 (10th Cir. 1971). There was no plain error under Fed.R.Crim.P. 52(b).

■ Chavez further contends that section 4244 was violated when a defense psychiatrist, in response to a question by the judge, testified that he believed Chavez sufficiently understood the proceedings in order to cooperate with his counsel. The court's impropriety in asking this one question on the subject in the course of a trial which lasted for several days is not sufficient error for reversal. *See* United States v. Harper, 450 F.2d 1032, 1035–1036 (5th Cir. 1971). It did not constitute plain error.

## II

■ We find no merit in Chavez' claim that he was denied a fair trial because he did not receive effective aid of counsel. The decisions of his trial counsel were a matter of trial strategy and Chavez has not shown, as he must, that the services of his counsel were "of such a caliber as to amount to a farce or mockery of justice." Leano v. United States, 457 F.2d 1208, 1209 (9th Cir.), cert. denied, 409 U.S. 889, 93 S.Ct. 162, 34 L.Ed.2d 146 (1972).

## III

Chavez further contends that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt primarily because of alleged weaknesses and inconsistencies in the testimony of the psychiatrist called by the prosecution. An analysis of this contention demonstrates that it must fail.

■ Chavez does not assert that the instructions to the jury on the sanity issue were not in conformance with the standards we set in Wade v. United States, 426 F.2d 64, 71 (9th Cir. 1970). The psychiatrist stated his conclusion in harmony with that standard. Thus, Chavez' attack can only be aimed at the reasons given by the doctor from which he formed his conclusion. The court instructed on the weight to be given to the expert's testimony as follows:

> You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

If the jury chose to accept the doctor's opinion in spite of the alleged weaknesses in his reasons, we cannot say, as a matter of law, they could not do so.

■ Chavez argues that under United States v. White, 447 F.2d 796 (9th Cir. 1971), there was insufficient evidence of

sanity before the jury because the psychiatrist who testified for the prosecution "reasoned to his conclusion" upon some standard other than the Wade test. Chavez' reliance on White, however, is misplaced since in that case "[t]he medical evidence of mental disease was overwhelming, and the evidence of legal insanity under Wade standards was virtually uncontroverted." 447 F.2d at 797. In White, there was virtually no evidence of legal sanity and that which was presented, was predicated on the incorrect rule of M'Naghten. In this case there was a real factual conflict based upon the Wade standard presented to the jury.

As the testimony of the psychiatrist called by the government was properly before the jury, we pass directly to the sufficiency of the evidence question. The psychiatric testimony, presented by both sides, was in conflict. The jury could properly weigh the opinions of both psychiatrists and resolve that conflict. In reviewing their determination, we must view the evidence and all reasonable inferences in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). This standard of review extends to the issue of sanity and the credibility of the experts. United States v. Handy, 454 F.2d 885, 888 (9th Cir.), cert. denied, 409 U.S. 846, 93 S.Ct. 49, 34 L.Ed.2d 86 (1972). In addition to the experts, the jury also heard lay witnesses who, because they had observed Chavez during the execution of the crime, provided meaningful testimony that the jury could consider. The jury also heard the testimony of Chavez. We hold that this evidence was sufficient to sustain the verdict.

### IV

■ The trial judge rejected sentencing Chavez pursuant to the special parole provisions of 18 U.S.C. § 4208(a), stating he did not believe it applied to the air piracy statute. · We disagree.

Since the parole provisions of section 4208 are not applicable to any offense for which there is provided a mandatory penalty, 18 U.S.C.A. § 4208 Note (originally appears as Act of Aug. 25, 1958, Pub.L. No. 85-752, § 3, 72 Stat. 845), the determinative question is whether 49 U.S.C. § 1472 requires a mandatory penalty. We have found no case so holding.

In Jones v. United States, 419 F.2d 593, 594 (8th Cir. 1969), Judge (now Mr. Justice) Blackmun articulated the same issue which now confronts us:

> We are concerned here with the meaning of the words "mandatory penalty" as employed in a federal criminal statute. Do these words relate to a prison term of fixed or minimum length, as contrasted with the common "not more than * * * years", or, on the other hand, do they relate to a prison term which must be served and as to which postconviction benefits of suspension of sentence, probation, and parole are specifically denied?

He concluded that a "mandatory penalty [is] a sentence which must be served devoid of the benefits of suspension, probation, and parole. Illustrative of this are the sentences for the narcotic offenses . . . ." 419 F.2d at 599.

The government argues that Chavez is not entitled to section 4208 benefits, citing our decisions in which we have held that section 4208 was inapplicable to the mandatory narcotics penalties of 26 U. S.C. § 7237(d). See, e. g., O'Neal v. United States, 332 F.2d 152 (9th Cir. 1964). However, the O'Neal line of cases are inapplicable to the skyjacking statute. O'Neal involved 26 U.S.C. § 7237(d) which was replaced by the Comprehensive Drug Abuse Prevention and Control Act of 1970. 21 U.S.C. §§ 801, 841 et seq. (criminal offenses); 1970 U.S.Code Cong. and Admin.News 4566, 4567. A careful analysis of the difference between the laws involved demonstrates that the narcotics statute involved

in *O'Neal* provided for a mandatory penalty while the skyjacking statute does not. Title 26 U.S.C. § 7237(d) provided that upon the conviction for a narcotic offense "the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic drugs, section 4202 of title 18 [parole provisions] . . . shall not apply." The section 7237(d) penalty was clearly mandatory and had to be served. The offender was foreclosed from all relief by way of suspension of sentence, probation, or parole.

On the other hand, the skyjacking penalty contains no such prohibitions upon probation or parole. Moreover, we believe the legislative history shows that Congress intended section 4208 to be applicable to a sentence imposed for skyjacking.[1]

We conclude that 49 U.S.C. § 1472(i) (specifying the punishment for aircraft piracy) does not provide for a mandatory penalty and, therefore, the trial judge has the discretion to sentence pursuant to section 4208. As the sentencing judge did not believe he had such discretion, we remand the case for further consideration of the sentence consistent with this opinion.

Affirmed in part; reversed and remanded in part with instructions.

---

1. If the death penalty is not imposed, the punishment imposed by the court shall be imprisonment for not less than 20 years. [Referring to 49 U.S.C. § 1472(i).]

Under other provisions of law contained in chapter 311 of title 18 of the United States Code, [18 U.S.C. §§ 4201–210] relating to parole of Federal prisoners, an individual sentenced to imprisonment for life or for any term of years in excess of 45 becomes eligible for parole after serving 15 years of the sentence imposed. An individual sentenced to a lesser term of years becomes eligible for parole after serving one-third of the sentence imposed. The Federal courts are also given discretion, in the case of sentences to imprisonment for more than 1 year, to specify a

minimum term of imprisonment after which a Federal prisoner may be eligible for parole. This minimum term may be less than one-third of the sentence imposed, but may not exceed one-third of such sentence. [18 U.S.C. § 4208.]

In view of the discretion vested in the Federal courts in connection with the sentencing of individuals convicted of Federal crimes, under the various provisions of law relating to parole, probation, and young adult offenders, the committee is of the opinion that there is ample discretion vested in the courts to make the punishment fit the seriousness of the crime.

1961 U.S.Code Cong. and Admin.News p. 2568.