**UNITED STATES of America,**
**Appellee,**

v.

**Charles Edward MOODY, Appellant.**

**No. 75–1870.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1976.

Decided March 1, 1976.

Rehearing Denied April 22, 1976.

John M. Fincher, North Little Rock, Ark., for appellant.

Gene O'Daniel, Asst. U. S. Atty., Little Rock, Ark., for appellee. W. H. Dilla-hunty, U. S. Atty., Little Rock, Ark., also appeared on brief.

Before LAY, HEANEY and STE-PHENSON, Circuit Judges.

LAY, Circuit Judge.

Charles Edward Moody was convicted after trial by jury of assault with a dangerous weapon in the course of a Post Office robbery, in violation of 18 U.S.C. § 2114, and of possession of stolen postal money orders, in violation of 18 U.S.C. § 500. On appeal, Moody argues that the district court erred in 1) admitting evidence of other crimes by the defendant; 2) admitting certain fingerprint evidence; and 3) finding that 18 U.S.C. § 2114 makes a 25-year sentence a mandatory penalty. We affirm the judgment of conviction, but we vacate the sentence and remand for resentencing.

The robbery occurred about 1:00 P.M. on February 27, 1975 when postal clerk Ina Bowling was alone in the Post Office in Earle, Arkansas. The robber entered, asked for a $20 money order and then pointed a gun and told her to give him all the money and money orders. After she had done so, he ordered her into the bathroom, where he forced her to disrobe. He grabbed her hand and removed several rings and her watch. He then left the Post Office.

At trial, Mrs. Gladys Cecil was allowed to testify, over defendant's objection, that on February 26, 1975, the day before the Post Office robbery, the grocery store where she was employed in West Memphis, Arkansas was robbed by the defendant. West Memphis is 30 miles from Earle. She testified that after he took the money, he ordered her into the bathroom, forced her to disrobe, and then stole several rings from her hand. The trial court admitted Mrs. Cecil's testimony as tending to prove identity, mo-

tive or intent and a common plan or scheme.

■ Defendant admits, and we agree, that Mrs. Cecil's testimony was relevant to the issue of identity, since it showed a distinctive *modus operandi. See United States v. Jones,* 491 F.2d 526, 528 (8th Cir. 1973); *Williams v. United States,* 272 F.2d 40, 42 (8th Cir. 1959); *see also Parker v. United States,* 400 F.2d 248, 251–52 (9th Cir. 1968).[1] He argues, however, that the other evidence of identity was so strong in this case that resort to other crimes evidence was unnecessary and prejudicial. The use of this evidence gives us grave concern. Even relevant evidence of other crimes should be excluded if its prejudicial impact would outweigh its probative value. *United States v. Clemons,* 503 F.2d 486, 490 (8th Cir. 1974). Although we feel the question close, on balance we find that the district court did not abuse its discretion. *See United States v. Cochran,* 475 F.2d 1080, 1082 (8th Cir. 1973).

■ Defendant's second contention is that he was denied the right of confrontation because an expert, Mr. Melcoch, was allowed to compare fingerprints found at the Post Office and on the stolen money orders with prints previously taken from the defendant by Arkansas and Colorado police departments. No testimony was offered as to how those police departments had obtained the latter prints or even that these prints were in fact the defendant's.

Our review of the transcript indicates that the defendant has mistaken the facts. Mr. Melcoch did not use the older Arkansas and Colorado prints in his testimony and those older prints were never shown to the jury. The older prints were used only for preliminary investigation. The expert based his trial testimony on prints taken from the defendant by Inspector Faulkner after the rob-

---

1. The general rule is that evidence of other crimes by the accused, not charged in the indictment and not part of the same transaction charged therein, is inadmissible. There are, however, some narrow exceptions to the general rule of exclusion. Where there is a genuine issue as to identity, intent, entrapment or a common plan or scheme, clear and convincing evidence of other crimes may be admitted on that issue. *See United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974); *United States v. Crawford,* 438 F.2d 441, 446–47 (8th Cir. 1971).

bery. The defendant had ample opportunity to cross-examine Inspector Faulkner, and no denial of the right of confrontation occurred.

■ Defendant's third contention is that the district court sentenced him to a 25-year mandatory penalty in the erroneous belief that 18 U.S.C. § 2114 so required. A mandatory penalty is a sentence under which suspension, probation and parole are all unavailable. It appears that the district court interpreted the statute in that manner, for the court stated at the sentencing hearing:

> I cannot comply with [the defendant's request that the court sentence under 18 U.S.C. § 4208 and set a date for parole eligibility], because it would not be a proper statute for sentence under 4208. There is a special statute, Title 18, Section 2114, which makes the penalty a *mandatory sentence* of imprisonment for a period of twenty-five years. And, *the Court has no alternative*—it has to comply with the Statute.

(Emphasis added).

■ This court has previously held that § 2114 does not impose a 25-year mandatory penalty rendering § 4208 inapplicable. *See Jones v. United States,* 419 F.2d 593, 598–99 (8th Cir. 1969); *see also United States v. Price,* 474 F.2d 1223, 1226 (9th Cir. 1973).

The judgment of conviction is affirmed, the sentence is vacated and the cause is remanded to the district court for resentencing.

Petition of appellant for rehearing filed in this cause having been considered, it is now here ordered by this Court that the same be, and it is hereby, denied without prejudice to raise the validity of the sentence of Count 2 before the district court on resentencing.

Our order of remand is amended to read that the district court shall, in addition to resentencing under Count 1, review the validity of the concurrent sentence on Count 2 in view of *United States v. Gaddis,* —— U.S. ——, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).

Mandate forthwith.