**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Dale Otto REMLING,
Defendant-Appellant.**

No. 76–1671.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 15, 1976.

Decided Feb. 14, 1977.

---

\* The Honorable Jack R. Miller, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

1. (i)(1) Whoever commits or attempts to commit aircraft piracy, as herein defined, shall be punished—

(A) by imprisonment for not less than 20 years; or

(B) if the death of another person results from the commission or attempted commission of the offense, by death or by imprisonment for life.

Renee S. Siegan, John W. Tapp, F. Randall Karfonta, Detroit, Mich., for defendant-appellant.

Philip Van Dam, U.S. Atty., Richard L. Delonis, John J. Conley, Detroit, Mich., for plaintiff-appellee.

Before PECK and ENGEL, Circuit Judges and MILLER \*, Judge.

PER CURIAM.

Defendant Remling entered a plea of nolo contendere to count II of a five-count indictment charging him with aircraft piracy in violation of 49 U.S.C. § 1472(i).[1] In entering a judgment of conviction upon the plea, the district judge sentenced him to twenty years imprisonment. Although the district judge indicated his desire to make the sentence subject to early parole eligibility under the former 18 U.S.C. § 4208(a)(2) [reenacted in similar language as 18 U.S.C. § 4205(b)],[2] he concluded that he was without the power to do so because, in his opinion, our decision in *Hardaway v. United States*, 350 F.2d 1021 (6th Cir. 1965), required him to treat the language of the statute as mandatory, thereby precluding use of that sentencing option.[3]

▉ While the issue is not without difficulty, we conclude that the legislative history of the anti-hijacking legislation leads to a different result from that in *Hardaway*, which involved the armed robbery of a post office under 18 U.S.C. § 2114. We thus align ourselves with the position of the Ninth Circuit in *United States v. Ortiz*, 488 F.2d 175 (9th Cir. 1973), which held that 49 U.S.C. § 1472(i) does not provide for a

2. At the sentencing proceedings the district judge said, "If I had my choice I would make this sentence under § 4208(a)(2) for it is my judgment that all along sentences should be made under 4208(a)(2)."

3. The indeterminate sentencing power of 18 U.S.C. § 4208(a)(2) was not available for certain criminal offenses. Section 7 of Pub.L.No. 85–752, 72 Stat. 847 provided:

This act does not apply to any offense for which there is provided a mandatory penalty.

mandatory penalty, therefore allowing the trial judge the discretion to impose an indeterminate sentence under § 4208. The statute does not expressly prohibit early parole and, as pointed out by the Ninth Circuit in *Ortiz, supra,* at 179 n. 1, the earlier version of the statute was conceived by the Congress to be subject to the early parole provisions. House Report No. 958, Aug. 16, 1961, reprinted in 1961 U.S.Code Cong. & Admin. News p. 2568. Our conclusion is fortified by the observation that the 1974 amendments to the penalty provisions, pursuant to which Remling was sentenced, were passed after *Ortiz* and no dissatisfaction with the Ninth Circuit's construction was expressed. Further, those amendments expressly confine the penalties of death and life imprisonment to violations involving loss of life. This change, which was prompted by the need to comply with *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), in our opinion also removes any impediment to eligibility for probation of one convicted under the twenty year provision where, as here, no loss of life was involved.[4] To conclude that Congress intended to allow a district judge to place an aircraft pirate on probation, yet to deny him the discretion to impose the lesser benefit of an indeterminate sentence, would be to attribute to Congress an inconsistent policy that is neither warranted nor required. This we are not inclined to do.

Reversed and remanded for resentencing.

---

4. 18 U.S.C. § 3651 provides:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court . . . may suspend the imposition or execution of sentence and place the defendant on probation . . . .