**UNITED STATES of America**

v.

**John MUDD, Appellant.**

**No. 86–3007.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 17, 1986.

Decided April 21, 1987.

---

Gerald I. Fisher, Washington, D.C., for appellant.

Larry R. Parkinson, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before STARR and WILLIAMS, Circuit Judges, and JOYCE HENS GREEN,* District Judge.

Opinion PER CURIAM.

* Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. § 292(a) (1982).

1. Section 3147 provides:
   A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense, to—
   (1) a term of imprisonment of not less than two years and not more than ten years if the offense is a felony; or
   (2) a term of imprisonment of not less than ninety days and not more than one year if the offense is a misdemeanor.
   A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

PER CURIAM:

As argued, this case presented the question of whether probation and early parole are available options for a district court imposing sentence under 18 U.S.C. § 3147 (Supp. III 1985), *as amended by* Act of Nov. 10, 1986, Pub.L. No. 99–646, § 55(g), 100 Stat. 3592, 3610 (technical amendments), which provides for enhanced penalties for persons convicted of offenses committed while on release.[1] The District Court, believing these options were barred by § 3147's requirement of "a term of imprisonment of not less than two years and not more than ten years," sentenced appellant John Mudd to two years in prison. After the case was argued here, the Supreme Court held in *Rodriguez v. United States*, — U.S. —, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987), that § 3147 allowed probation. In light of this resolution of the probation issue, appellee moved to remand the present case to the District Court for resentencing. As the case properly raised the problem of parole as well, we here address that issue. Concluding that it too is available under the reasoning of *Rodriguez*, we remand to allow the District Court to consider both sentencing options.

I

Mudd was convicted in April 1985 of receiving stolen government property, in violation of 18 U.S.C. § 641 (1982), and for possession of an unregistered firearm and unregistered ammunition, in violation of D.C.Code §§ 6–2311(a), –2361(3) (1981).[2]

This provision was enacted as part of the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, tit. II, 98 Stat. 1837 (codified in various titles of U.S.C.). The Act also provided for the deletion of the phrases "not less than two years and" and "not less than ninety days and" effective Nov. 1, 1986, but Congress later postponed the effective date of the deletion until Nov. 1, 1987. *See* 18 U.S.C. § 3147 note (Supp. III 1985).

2. This conviction was later reversed and remanded for new trial in *Mudd v. United States*, 798 F.2d 1509 (D.C.Cir.1986), based on the trial court's instruction temporarily denying Mudd access to counsel.

He was released on his own recognizance pending sentencing. In May, while on release, he committed a felony, unlawful possession of a firearm, in violation of 18 U.S.C.App. § 1202(a)(1) (1982 & Supp. III 1985). He was indicted for the firearms charge, and the government filed papers for enhancement of sentence under § 3147. In December he pleaded guilty to the firearms charge and a misdemeanor drug charge.

At sentencing the District Court suspended imposition of sentence and placed Mudd on probation for five years for the firearms and drug offenses. For committing a felony while on release, however, the court sentenced Mudd to two years incarceration, stating its belief that § 3147 did not permit probation or early eligibility for parole. *See* Sentencing Hearing Transcript at 8, 20–22.

## II

Section 3147 on its surface requires "a term of imprisonment of not less than two years." Such a construction, however, would have partially nullified the federal probation statute's broad grant of authority to suspend sentence and place the defendant on probation.[3] In *Rodriguez* the Supreme Court rejected such a nullification. Treating the issue as one of possible repeal by implication, it noted that such repeals are not favored and declined to find one.

Like the federal probation statute, the provision allowing a court to specify early

parole eligibility, 18 U.S.C. § 4205(b) (1982),[4] appears to make that option generally available. This similarity suggests that the *Rodriguez* analysis of probation should be equally applicable to parole. After looking both to judicial treatment of the relation between minimum sentence provisions and parole and to the legislation enacting § 3147, we conclude that this is indeed the case.

## III

In analyzing the possibility of repeal by implication, *Rodriguez* cited a string of cases, dating from *United States v. Donovan,* 242 F.2d 61, 64 (2d Cir.1957), uniformly finding that statutes requiring minimum sentences were subject to the probation option provided by § 3651. *See Rodriguez,* 107 S.Ct. at 1392. Judicial analysis of the parole issue is slightly less uniform. Two 1965 decisions viewed parole differently from probation and found it precluded by general minimum sentence language, but this viewpoint was short-lived.

The two decisions on parole availability that complicate our analysis, *United States v. Cameron,* 351 F.2d 448 (7th Cir.1965), and *United States v. Hardaway,* 350 F.2d 1021 (6th Cir.1965), arose under the predecessor provision of § 4205(b), 18 U.S.C. § 4208(a) (reenacted with minor changes as 18 U.S.C. § 4205(b) and repealed effective Nov. 1, 1987), and turned in significant part on uncodified amending legislation, § 7 of the Act of August 25, 1958, Pub.L. No.

---

**3.** 18 U.S.C. § 3651 (1982 & Supp. III 1985) provides in part:

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

This provision was prospectively repealed by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, effective Nov. 1, 1987. *See* 18 U.S.C. § 3651 note (Supp. III 1985).

**4.** Section 4205(b) provides in part:

Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interest of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than but shall not be more than one-third of the maximum sentence imposed by the court....

This provision, like § 3651, was repealed by Pub.L. No. 98–473, effective Nov. 1, 1987. *See* 18 U.S.C. § 4205(b) note (Supp. III 1985).

85–752, 72 Stat. 845, 847 (repealed 1976). Section 7 limited parole availability, stating, "This Act does not apply to any offense for which there is provided a mandatory penalty."

The court in *Cameron* found the penalty for mail robbery under 18 U.S.C. § 2114, which required in certain circumstances that a person convicted "shall be imprisoned twenty-five years," to be a "mandatory penalty" for purposes of § 7. It therefore found that parole was excluded. Yet it found that § 2114 allowed probation, because the general authorization of probation made no exception for mandatory penalties. *Accord Hardaway*, 350 F.2d at 1022.

The anomaly of allowing probation but excluding early parole is obvious, and our research has revealed no cases following the approach of *Cameron* and *Hardaway*. In *Jones v. United States*, 419 F.2d 593 (8th Cir.1969), the court carefully evaluated and rejected their analysis. In finding parole available in the face of § 2114's superficially inflexible language, Justice (then Judge) Blackmun observed, "It makes no sense to go all the way on suspension and probation and yet be unable to go part of the way on incarceration for a time and then parole." *Id.* at 598. He concluded that a mandatory penalty for the purpose of § 7 meant "a sentence which must be served devoid of the benefits of suspension, probation, and parole." *Id.* at 599. Subsequent cases under § 7 followed a similar approach in evaluating sentencing options and finding parole to be available. *See United States v. Moody*, 530 F.2d 809, 811 (8th Cir.1976) (parole available under § 2114); *United States v. Wilson*, 506 F.2d 521, 522 (9th Cir.1974) (same); *United States v. Price*, 474 F.2d 1223, 1228 (9th Cir.1973) (same); *United States v. Ortiz*, 488 F.2d 175 (9th Cir.1973) (parole available under air piracy statute, 49 U.S.C. § 1472(i)). *Cf. United States v. Remling*, 548 F.2d 1274 (6th Cir.1977) (after repeal of § 7, finding parole available under the air piracy statute and distinguishing *Harda-*

*way* based on the legislative history of § 1472(i)).

Repeal of § 7 by the Act of March 15, 1976, Pub.L. No. 94–233, 90 Stat. 219 (repealed 1984), mooted analysis of its "mandatory penalty" language. In its place the new legislation provided, "Nothing in this chapter shall be construed to provide that any prisoner shall be eligible for release on parole if such prisoner is ineligible for such release under any other provision of law." 18 U.S.C. § 4205(h) (1982) (repealed 1984 effective Nov. 1, 1987, *see id.* note (Supp. III 1985)). This has been construed to require an analysis similar if not identical to that of *Jones:* parole is available unless expressly precluded. *See United States v. Smith*, 602 F.2d 834, 839 (8th Cir.) (dictum analyzing parole availability under 18 U.S.C. § 4205(b) for a § 2114 offense), *cert. denied*, 444 U.S. 902, 100 S.Ct. 215, 62 L.Ed.2d 139 (1979); *United States v. Busic*, 592 F.2d 13, 26 & n. 12 (2d Cir.1978). We think this approach is sound. The earlier statutory language appears to be the only even arguable basis for subjecting parole availability to a separate analysis from that of probation availability, and it has now been removed. Thus the generally (and perhaps universally) accepted practice at the time of enactment of § 3147 was to treat minimum sentence provisions as allowing parole as well as probation unless they said otherwise directly.

After noting the prevailing pattern of decisions, the Court in *Rodriguez* addressed the statute that brought § 3147 into existence, the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, tit. II, 98 Stat. 1837 (codified in various titles of U.S.C.), and its legislative history. It concluded that Congress was aware of the established judicial interpretation allowing probation unless a statute explicitly precluded it. Much of the evidence on which it relied is equally applicable to parole.

For example, the Court noted four separate sentencing provisions that explicitly precluded probation, indicating congressional recognition that explicitness was the

way to achieve preclusion. Each of the four provisions cited equally explicitly precludes parole. *See* 18 U.S.C. § 924(c) (Supp. III 1985); *id.* § 929;[5] *id.* App. § 1202(a); 21 U.S.C. § 845a(c) (Supp. III 1985). Further, a Senate report on which the Court relied recognizes not only that probation often undercuts the superficially mandatory effect of statutes nominally requiring minimum terms, but also cites parole availability: "Most statutes that specify minimum sentences do not create mandatory minimum sentences of confinement, since they do not preclude the suspension of sentence, or the placement of the defendant on probation or parole." S.Rep. No. 225, 98th Cong., 2d Sess. 66 n. 129, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3249 n. 129.

Thus we think that parole availability under § 3147 should parallel probation availability as determined by *Rodriguez.* The pattern of judicial decisions antedating § 3147 is nearly as strong on parole as it is on probation; the deviant cases failed to command any following and were based on now obsolete statutory language. The structure and legislative history of the Comprehensive Crime Control Act of 1984 reflect a recognition of that judicial pattern as clearly for parole as for probation. Accordingly, we remand the case to allow the District Court to consider the appropriateness of probation or early parole.

*So ordered.*

---

**5.** Section 929 was amended by the Act of Aug. 28, 1986, 99–408, § 8, 100 Stat. 920, 921, in respects unrelated to its treatment of probation and parole.