Leslie G. **STANDLEY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18395.

United States Court of Appeals
Ninth Circuit.

June 12, 1963.

Rehearing Denied July 12, 1963.

Leslie Gene Standley, in pro per.

Sidney I. Lezak, U. S. Atty., and George E. Juba, Asst. U. S. Atty., Portland, Or., for appellee.

Before ORR, BARNES and BROWNING, Circuit Judges.

BARNES, Circuit Judge.

Appellant (defendant below) entered a plea of guilty to the charge of transporting a stolen automobile across state lines; a violation of 18 U.S.C. § 2312. He was given an indeterminate sentence under the Youth Corrections Act (18 U.S.C. § 5010(b)).

Appellant moved in the district court to vacate the sentence on two grounds—*first*, that he was not "under * * * twenty-two years at the time of [his] conviction" (18 U.S.C. § 5006(e)), and *second,* that he was originally sentenced to six months, and now is required to serve a longer term. His motion was denied, and he here appeals in forma pauperis.

██ The first ground urged on appeal has no merit. 18 U.S.C. § 4209 provides.:

"In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration

the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act."

"18 U.S.C. Chap. 402" contains 18 U.S.C. § 5005 et seq., including § 5010. Defendant was twenty-two years, ten months of age, on the date of his "conviction," i. e., his plea of guilty. The court specifically found that defendant might benefit from the provisions of the Youth Corrections Act, despite the fact he was not a "Youth Offender." [1]

 The second ground urged likewise has no merit. While the court considered a straight six months sentence, and said: "I am just going to give him six months," defendant was not sentenced until the trial judge, impressed with defendant's protestations he desired probation and supervision and help, sentenced him under the Federal Youth Corrections Act, as he was authorized to do.

Appellant here raises two points not touched upon in his motion below: the first being that the Fifth Amendment to the United States Constitution is violated by a law giving a judge the right to impose alternate types of sentences. There is no merit in this, and no cases are cited to support this theory of unconstitutionality. Appellant recognizes the binding force of Cunningham v. United States, 5 Cir. 1958, 256 F.2d 467, 471–473, and Carter v. United States, 10 Cir. 1962, 113 U.S.App.D.C. 123, 306 F.2d 283, which hold the Youth Corrections Act constitutional. Despite this, appellant "disagrees with the logic of those cases." We do not.

 Finally, appellant, in his reply brief on this appeal (denominated "Cross Brief for Appellant") raises for the first time the matter of his mental competency at the time of his plea and sentence. Not having raised this issue below, he cannot raise it on this appeal.

The order of the court below dismissing the motion to vacate the sentence is affirmed.

---

1. It is unnecessary here to quote the transcript of the proceedings had at the time of sentencing; which, is, however, a part of the record before us.