**UNITED STATES of America**
v.
**Percy CARTER, Jr.**
**Crim. No. 908–63.**

United States District Court
District of Columbia.
Jan. 13, 1964.

Harold H. Titus, Jr., Asst. U. S. Atty., for the United States.

Benjamin F. Amos, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

After a trial before this Court, defendant Carter was found guilty of robbery by a jury on November 21, 1963, on which date he was referred to the Probation Office for a pre-sentence report pursuant to Rule 32, Federal Rules of Criminal Procedure. As of the date of the jury verdict, defendant was twenty-one years old. On December 13, 1963, he became twenty-two. On December 18, 1963, the probation officer completed a pre-sentence report, and defendant was sentenced after the Christmas recess, on January 7, 1963.

The Court sentenced the defendant under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5024, pursuant to the indeterminate sentence provisions of § 5010(b) of that Act "in lieu of the penalty of imprisonment otherwise provided by law." Defendant was thus committed to the custody of the Attorney General "for treatment and supervision" in a youth institution as a youth offender.

■■ Section 5006(e) of the Act defines a "youth offender" as "a person under the age of twenty-two years at the time of conviction." This Court is convinced that for the purposes of determining whether a defendant qualifies as a "youth offender," the time of "conviction" is the time the verdict is returned or a plea of guilty is taken. This interpretation is in accord with the construction of the word "conviction" in the Youth Act in the recent case of Standley v. United States, 318 F.2d 700, 701 (9th Cir. 1963), where the court stated that a defendant was a certain age "on the date of his 'conviction,' i. e., his plea of guilty." [1] For the purpose of determining the time of "conviction," a plea is obviously identical to a verdict.

■ The defendant has not objected to the sentence imposed by the Court; in fact, he and his attorney both asked for commitment under the Youth Act, and specifically gave their consent to such sentence. But since consent may not cure a jurisdictional defect in the power of the court, this Court is taking this opportunity to state why it is clear to the Court that the sentence is a legal one.

It is true, of course, that the Youth Act defines "conviction" to mean "the judgment on a verdict or finding of guil-

1. The issue present in the Standley case was different from that present in the instant case, since the defendant there was admittedly over the age of twenty-two at the time of his plea of guilty. It should be noted, however, that the defendant in Standley, since he was being sentenced for a federal crime, had the benefit of being considered a "young adult offender," and was thus eligible, between the ages of twenty-two and twenty-six, for commitment under the Youth Act pursuant to 18 U.S.C. § 4209. Unfortunately, the same law which opened up the advantages of the Youth Act to such young adults convicted of federal offenses denied such advantages to those between twenty-two and twenty-six if convicted of offenses (such as the present felony) against the District of Columbia Code. Pub.L. 85–752, sec. 6 (85th Cong. 2d Sess.1958).

ty, a plea of guilty, or a plea of nolo contendere." 18 U.S.C. § 5006(h). For some purposes, the "judgment" on a verdict or plea is the sentence, making the date of judgment the date on which sentence is imposed. This is true, for example, for the purpose of computing the time during which an appeal is permitted, Rule 37, Fed.R.Crim.P., since Rule 32, Fed.R.Crim.P., specifically provides that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence," and since it makes sense to require that the defendant know his sentence before he decides whether or not to appeal. The date of judgment is also the date on which sentence is imposed for some purposes within the Youth Act itself. Thus 18 U.S.C. § 5017(c) provides that for a defendant sentenced under section 5010 (b), the youth offender shall be released conditionally under supervision on or before the expiration of four years from the date of his "conviction" and shall be discharged unconditionally on or before six years from the date of his "conviction." Since one of the purposes of the Youth Act is to give the Youth Correction Division of the Board of Parole a flexible amount of time during which strenuous efforts may be made to rehabilitate the youth offender, it makes sense to let this time period begin to run when the youth offender is actually sentenced to the custody of the Attorney General— namely, on the date the sentence is imposed. It was primarily this situation which the Congress must have had in mind when the statute specified, in section 5006(h), that the conviction is the "judgment" on a verdict or plea.

It would be wrong, however, to extend these applications of the word "judgment" to a situation which calls for entirely different considerations, particularly when the definition of "youth offender" itself mentions neither sentence nor judgment, but rather speaks only of "conviction." The major purpose of the Youth Act is to provide the young defendant with treatment—namely, "corrective and preventive guidance and training designed to protect the public by correcting the antisocial tendencies" of such young defendant. 18 U.S.C. § 5006(g). Such treatment is thus for the benefit of both the defendant and the public at the same time. To withhold such benefit—from both the defendant and the public—merely because the defendant has turned twenty-two by the time of sentence, although he was twenty-one at the time of a verdict or plea, is to make fortuitous circumstances determine an important substantive decision. For example, such reasoning would deny the benefits of the Youth Act to a defendant whose twenty-second birthday happened to fall during the Christmas holidays or during the recent period observing the funeral of the President of the United States—both of which were periods when the court was in recess. Furthermore, to adopt such an interpretation would require a judge who wanted to impose a sentence under the Youth Act to request from the Probation Office a speedy, and therefore incomplete, presentence report, or would force such judge to sentence without such a presentence report—both of which results are contrary to the wise policy of Rule 32, Fed.R.Crim.P., requiring as the usual procedure a full and complete presentence report. Thus for purposes of deciding the initial question of whether a particular defendant may or may not be considered a "youth offender" under the Youth Act, the determining factor is, as the statute declares, the age of the defendant at the time of "conviction"— namely, at the time of the return of the verdict by the jury. For the purpose of determining this initial question, "the judgment on a verdict"—if those words are relevant at all to this question—must therefore be reasonably construed as the return of the verdict by the jury in open court, and the acceptance of that verdict by the court. Such an interpretation fulfills this Court's responsibility to make reasonable sense out of statutory language in harmony with the purpose of the statute and with sound judicial administration.