Bernadeane O'NEAL, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 18777.

United States Court of Appeals
Ninth Circuit.

April 20, 1964.

* Of the D.C.Circuit, sitting by designation.

Edgar Paul Boyko, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Crim. Section, Burt Pines, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

1. Rule 35, Federal Rules of Criminal Procedure:
 "The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after * * * receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

Before BARNES, MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

Appellant, under a ten-year sentence for violation of the federal narcotics laws, 21 U.S.C. §§ 173, 174, here appeals from an order of the District Court for the Southern District of California, Central Division, denying her motion for reduction of sentence under Rule 35 F.R. Cr.P.[1]

In originally imposing sentence, the district court had ordered "that the defendant may become eligible for parole as the Board of Paroles may determine pursuant to § 4208, Title 18, USCA * * *." In its order denying reduction of sentence the district court had stricken the quoted order relating to eligibility for parole as having been in excess of the court's authority under the provisions of 26 U.S.C. § 7237(d).[2]

Appellant here contends that the district court was in error in holding as a matter of law that it had no jurisdiction or authority to hold appellant eligible for parole. Appellant points out that provision for parole of federal prisoners is to be found not only in 18 U.S.C. § 4202, providing for automatic eligibility for parole after serving one third of a sentence, but also in § 4208, allowing the court to prescribe that the prisoner may become eligible for parole. She contends that while 26 U.S.C. § 7237(d) expressly provides that § 4202 shall not apply, it tacitly leaves § 4208 applicable.

 We have already considered and rejected this contention in Rivera v. United States (9 Cir. 1963) 318 F.2d 606. We there noted that Congress, in the

2. § 7237(d), Title 26 U.S.C.:
 "Upon conviction—(1) of any offense the penalty for which is provided in * * * subsection (c) * * * of section 2 of the Narcotic Drugs Import and Export Act, as amended * * *.
 " * * * the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply * * *."

same statute which enacted § 4208, provided that it "does not apply to any offense for which there is provided a mandatory penalty." We held, in the light of this provision, that § 4208 does not apply to those narcotics offenses for which the court must impose a minimum sentence and for which it may not, under § 7237 (d) suspend sentence or grant probation.

Although Rivera involved conviction under 21 U.S.C. § 176a, § 174 prescribes precisely the same "mandatory penalty." Rivera also rejected the contention, urged by appellant here, that § 4208 should apply to the portion of the sentence exceeding the five-year statutory minimum.

■ Appellant next contends that in denying her motion for reduction of sentence, the district court acted arbitrarily and capriciously and in abuse of discretion. She reasons that since the district court originally had felt ten years to be an appropriate sentence when it had believed parole to be available, it must consistently believe a shorter sentence to be appropriate since parole is not available.

We cannot agree. Eligibility for parole is a far different thing from reduction of sentence. The former contemplates an examination by the Board of Paroles into circumstances existing years after imposition of sentence, importantly including the probabilities of rehabilitation as then existing. It recognizes that upon release the prisoner will be under supervision. A decision to make parole available does not, then, encompass a decision in the alternative to shorten sentence. Thus, a decision to shorten or not to shorten sentence required an independent exercise of judicial discretion.

■ Appellant protests that while these facts may well have justified an independent exercise of discretion, it does not appear that the district court acted for these reasons. From the oral statement of the court denying reduction,[3] appellant concludes that the court simply refused to exercise its discretion at all; that it arbitrarily declined to consider the matter for reasons having nothing to do with the problem.

We do not so construe the court's remarks. The court in effect stated that the case presented no change in pertinent circumstances, and that in the light of that fact a reduction in sentence would indicate partiality. The propriety of using a reduction of sentence to compensate for unavailability of parole was argued to the court and we cannot assume that its failure to reject this argument expressly demonstrates that it did not even consider it.

Affirmed.

---

3. Appellant relies on the following excerpt from the court's oral opinion:

"Where the matters had consideration, and no new facts are brought forth, it will bring the administration of justice into disrepute and give the impression that if you employ different attorneys you might get different results. That is what I have always tried to avoid. * * *

" * * * [U]nless we stand by our decisions, the impression will be given that favoritism exists, and that defendants are treated differently when new attorneys are employed.

"I am not saying that the attorney in this case was employed for that reason; but, ordinarily, when a man changes attorneys someone might say, 'why didn't you employ somebody else, maybe you would get a better "break" '?

"I don't see any reason in this record to make any change in the sentence which was imposed, that was imposed before. The enormity of the offense is still there. The jury found the defendant guilty."