**UNITED STATES of America, Plaintiff,**

**v.**

**Harris J. KLEINZAHLER, Defendant.**

**No. 69–CR–120.**

United States District Court
E. D. New York.

Oct. 30, 1969.

---

**312**

Joseph P. Hoey, U. S. Atty. for Eastern District of New York, Brooklyn, N. Y., for plaintiff; David Steinmann, Brooklyn, N. Y., of counsel.

McKenzie, Cabell, Martin & Greene, Esqs., New York City, for defendant; Jon H. Hammer, New York City, of counsel.

United States Department of Justice, Bureau of Prisons, Washington, D. C., Eugene N. Barkin, Washington, D. C., Legal Counsel.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

The defendant has applied, pursuant to Rule 35 of the Federal Rules of Criminal Procedure, for correction of the sentence of this Court imposed on June 28, 1969. At that time, defendant was sentenced to two years' imprisonment, and imposition of that sentence was suspended. In addition, he was placed upon two years' probation and required to pay a fine of $1,000. The defendant seeks amelioration of this sentence under the Youth Corrections Act, through treatment as a "young adult offender." 18 U.S.C. §§ 4209, 5010(a). The chief advantage to this defendant of a sentence under the Youth Corrections Act is that he would be entitled to have his conviction "set aside" upon satisfactory completion of his probation. 18 U.S.C. § 5021(b). For the reasons stated below, the motion must be denied.

### I. FACTS

On April 3, 1969, the defendant pleaded guilty to acquisition of marihuana without payment of a transfer tax. 26 U.S.C. § 4744(a). The plea was accepted one day before the defendant's twenty-sixth birthday. Sentencing was deferred pending the completion of a presentence report by the Probation Department. This report was not completed until June. The sentencing panel then conferred (*see* Zavatt, Sentencing Procedure in the United States District Court for the Eastern District of New York, 41 F.R.D. 469 (1967)) and defendant was sentenced on June 28, 1969.

The defendant is a college graduate employed as a Budget Analyst with a major corporation at a high salary. He has no prior criminal record. His purchase in Mexico of the marihuana involved was for his personal or social use; there was never any intention to sell it. He was inexperienced in dealing with marihuana, and he has never been involved in commercial traffic in any drugs. The defendant's sincere desire to avoid a repetition of this crime is not in doubt. In point of fact, he is presently under voluntary psychiatric care in an effort to prevent a recurrence of this offense.

At the time sentence was imposed, this Court believed that the benefits of the Youth Corrections Act were not available to this defendant because at the time of sentence he was twenty-six years of age. 18 U.S.C. §§ 4209, 5010(a). For this reason the Court refused to sentence the defendant as a young adult offender without prejudice to the bringing of a motion for correction of sentence. Rule 35, Federal Rules of Criminal Procedure. That motion has now been made.

## II. APPLICABILITY OF YOUTH CORRECTIONS ACT TO DEFENDANTS WHO PLEAD GUILTY BEFORE AGE TWENTY-SIX

██ This Court was incorrect in its belief that the Youth Corrections Act does not apply to a young person who has passed the age of twenty-six at the time of sentence.

Section 4209 of title 18, United States Code, permits application of youthful offender provisions to defendants who have "not attained [their] twenty-sixth birthday at the time of conviction." The term "conviction" is not defined in section 4209 or in the statute enacting that section. 72 Stat. 845 (1958). Some other source must be sought to give meaningful content to this word.

The Youth Corrections Act was adopted in 1950. 64 Stat. 1086 (1950). It provides for special treatment for offenders under the age of twenty-two, with a view toward possible rehabilitation. Eight years later, these provisions were extended to young adult offenders by 18 U.S.C. § 4209. 72 Stat. 845, § 4 (1958). This section specifically incorporates the Youth Corrections Act by reference, extending its provisions to those between the ages of twenty-two and twenty-six.

██ In light of the integration of the section providing for young adult offenders (18 U.S.C. § 4209) into the Youth Corrections Act (18 U.S.C. §§ 5005–5024), the words used in the two statutes should be accorded the same meaning. "Conviction" is defined in the Youth Corrections Act as "the judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere." 18 U.S.C. § 5006. This language would seem to indicate that one who has reached the age of twenty-six at the time of sentencing would not come within the terms of 18 U.S.C. § 4209, since, ordinarily, there is no "judgment" until after sentence. Rule 32(b), Federal Rules of Criminal Procedure.

This result, however, does not comport with either the design of Congress or the practical administration of criminal justice by the federal courts. One reason for treating youths less severely is our assumption that young people are less formed morally and less able to withstand temptation than those who are more mature. In deciding on degrees of punishment, therefore, we can assume that Congress was concerned with measuring penalties by looking to age at the time the crime was committed or the plea taken rather than at the time of sentence. Additionally, we might expect Congress to intend that the courts and probation services be placed under no unnecessary time pressures to cut short investigation, consultation and reflection when determining penalties. It would be unfair to both court and defendant if sentencing procedures designed to protect created the necessity of a harsher sentence because a critical

birthday was celebrated during the court's rumination. The need for deliberation in sentencing procedure is particularly important in federal courts since there is normally no appeal from the terms of a sentence.

While its decision dealt with those under twenty-two, the language of the court in United States v. Carter, 225 F. Supp. 566, 568 (D.D.C.1964) is apt:

> It would be wrong, however, to extend these applications of the word "judgment" to a situation which calls for entirely different considerations, particularly when the definition of "youth offender" itself mentions neither sentence nor judgment, but rather speaks only of "conviction." * * * To withhold such benefit [from treatment]—from both the defendant and the public—merely because the defendant had turned twenty-two by the time of the sentence * * * is to make fortuitous circumstance determine an important substantive decision. For example, such reasoning would deny the benefits of the Youth Act to a defendant whose twenty-second birthday happened to fall during the Christmas holidays * * * when the court was in recess.

The remedial intent of the Youth Corrections Act, as well as the young adult offender provisions, would clearly support this view. *Id.; see also* Standley v. United States, 318 F.2d 700, 701 (9th Cir. 1963); S. Rep. No. 2013, 2 U.S.Code Cong. & Ad.News 3891, 3892 (1958). For these reasons, it must be held that the word "conviction" in 18 U.S.C. § 4209, relating to young adult offenders, applies to the time of finding of guilt, either by the court after plea or by verdict.

## III. APPLICABILITY OF YOUTH CORRECTIONS ACT TO YOUNG ADULT OFFENDERS IN NARCOTIC DRUG AND MARIHUNA CASES

While it appears that statutory authority to extend youthful offender treatment to deserving young adult offenders exists if the defendant has been found guilty before his twenty-sixth birthday, this Court lacks such authority in cases involving narcotic drug or marihuana offenders. The Act creating 18 U.S.C. § 4209 states:

> This Act does not apply to any offense for which there is provided a mandatory penalty. 72 Stat. 845, 847, § 7 (1958).

A brief review of the penalty provisions for narcotics and marihuana offenses is helpful in determining whether the crime of which the defendant has been convicted carries a "mandatory" penalty within the meaning of this section. Penalty provisions for those crimes created by the Internal Revenue Code are in 26 U.S.C. § 7237. In subsection (a) of section 7237, penalties of not less than two, and not more than ten, years imprisonment for first offenders are set for violations of statutes: (1) forbidding the purchase or transfer of narcotics except from the original stamped package (26 U.S.C. § 4704(a)); (2) making illegal any dealing in narcotics without registration or payment of occupational taxes (26 U.S.C. § 4724(a)); (3) outlawing the transportation of narcotics without registration or payment of taxes (26 U.S.C. § 4724(b)); (4) forbidding the possession of narcotic drugs without registration or payment of taxes (26 U.S.C. § 4724(c)); (5) outlawing the possession of marihuana without payment of a transfer tax (the offense of which the present defendant stands convicted) (26 U.S.C. § 4744(a)); (6) making illegal any dealing in marihuana without registration or payment of taxes (26 U.S.C. § 4755(a)); and (7) forbidding the transportation of marihuana by anyone who has not registered or paid the required tax (26 U.S.C. § 4755(b)).

Subsection (b) of section 7237 prescribes jail sentences of not less than five nor more than twenty years for violations of statutes: (1) making it unlawful to transfer narcotics except upon the written order of the person to whom

the narcotics are transferred, on a form issued by the Secretary of the Treasury (26 U.S.C. § 4705(a)); and (2) establishing the same requirements in respect to the transfer of marihuana (26 U.S.C. § 4742(a)).

In addition to the crimes created by the Internal Revenue Code, there are a number of other statutory provisions providing penalties of from five to twenty years' imprisonment for narcotic or marihuana offenses by first offenders. Among them are those: (1) making illegal the importation of narcotics into the United States contrary to law, and forbidding any dealing in or transporting of illegally imported narcotics (21 U.S.C. §§ 174); (2) doing the same in regard to marihuana (21 U.S.C. § 176a); and (3) outlawing the possession of narcotics on vessels (21 U.S.C. § 184a). Section 1403 of title 18 of the United States Code provides a penalty of from two to five years for use of communication facilities to violate other narcotic laws and 21 U.S.C. § 176b establishes a sentence of from ten years to life imprisonment or the death penalty for sale of heroin to juveniles.

Under none of these fourteen penalty provisions may a court impose a sentence of less than two years for first offenders. Moreover, for violations of all but those crimes the penalties for which are set by 26 U.S.C. § 7237(a) and 18 U.S.C. § 1403, a court may not suspend the imposition or execution of sentence, or grant probation, even for first offenders. 26 U.S.C. § 7237(d) (1). Subsection (d) (2) of section 7237 prevents suspension of sentence and probation for a second offense even where the penalty is provided by 26 U.S.C. § 7237(a). Thus, had defendant been a second offender no suspension of sentence or probation would have been permitted.

Whether the provisions of 26 U.S.C. § 7237(d) prevent probation under the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(a), appears to be an open question in this Circuit. The Ninth Circuit has held that 26 U.S.C. § 7237(d) constitutes a repeal of the probation provisions of that section. United States v. Gibbs, 285 F.2d 225 (9th Cir. 1960) (illegal importation of drugs contrary to 21 U.S.C. § 174; 18 U.S.C. § 5010(a) held inapplicable); United States v. Lane, 284 F.2d 935 (9th Cir. 1960) (same). Both the Seventh and Ninth Circuits have held that the parole provisions of 18 U.S.C. § 4208, enacted by the same statute as section 4209, and governed by the same limitation in regard to cases involving mandatory sentences, does not apply in narcotics or marihuana cases. Vaughn v. United States, 359 F.2d 809 (7th Cir. 1966) (violation of 26 U.S.C. § 4705(a) and 21 U.S.C. § 174; provisions of 18 U.S.C. § 4208 held inapplicable); O'Neal v. United States, 332 F.2d 152 (9th Cir. 1964) (same); Rivera v. United States, 318 F.2d 606 (9th Cir. 1963) (violation of 21 U.S.C. § 176a; provisions of 18 U.S.C. § 4208 held inapplicable).

In light of the unique structure and harshness of the penalty provisions of the narcotics and marihuana laws— almost byzantine in their complexity— and previous interpretations of related statutes, it is clear that the penalties are "mandatory" within the meaning of section 7 of 72 Stat. 845. This harsh result comports with congressional design in enacting the young adult provisions of 18 U.S.C. § 4209. As was stated in the Report of the Senate Committee on the Judiciary:

> The proposed legislation provides that it shall not apply to any offense for which there is provided a mandatory penalty. This is to assure that the mandatory penalties provided by statute for special categories of crime, such as armed robbery of a post office and violations of the Narcotic Control Act of 1926 [sic], as amended by the Narcotics Control Act of 1956, shall not be affected in any way by the provisions of the bill. S.Rep. No. 2013, 2 U.S.Code Cong. & Ad.News 3891, 3892 (1958).

It should be noted that the provisions of the Internal Revenue Act of 1926 and

the Narcotics Control Act of 1956 relate to narcotic and marihuana violations of all types.

One of the original purposes behind the action of the Congress in strengthening the maximum penalties and retaining the minimum penalties in the Narcotics Control Act of 1956 (70 Stat. 567 (1956)) was the desire to counteract the increased use of young people as peddlers of narcotics and marihuana. As was stated in the report of the House Committee on Ways and Means:

> it is the view of your committee that the first-offender-peddler problem will become progressively worse and eventually lead to the large scale recruiting of our youth by the upper echelon of traffickers unless immediate action is taken to prohibit parole, probation, or suspension of sentence in the case of all persons convicted of trafficking in narcotic and marihuana drugs. H.Rep. No. 2388, 2 U.S.Code Cong. & Ad.News 3274, 3285 (1956).

That same Committee clearly approved the continuation of minimum penalties for all those convicted of violations of the narcotic or marihuana laws, first adopted in 1951 (65 Stat. 761 (1951)), and recognized their mandatory nature:

> "The enactment of [that law] has been largely responsible for turning the rising tide of the illicit narcotic and marihuana traffic and addiction. [That law] for the first time imposed minimum mandatory sentences for violations of the narcotic and marihuana laws. * * * As has been previously indicated, the average sentence for a narcotics violation before the enactment of [that law] was 18 months, and the average narcotic sentence now is approximately 43 months. *Id.* at 3284.

■ In light of the facts that in enacting the young adult offender provision in 1958 the Congress specifically referred to narcotics and marihuana laws as among those excluded from coverage, and that only two years before the Con-

gress had expressly excluded probation and suspension of sentence in a large number of these cases for the declared purpose of preventing recruitment of youth, we must conclude that the Congress did not wish the young adult provisions to be extended to violators of narcotic drug or marihuana provisions.

This conclusion is not undermined by the fact that in certain cases the provisions of the Youth Corrections Act, 18 U.S.C. § 5010(a), may be applied to narcotic or marihuana offenders. That statute is not governed by the same prohibition against its application in cases involving mandatory penalties that governs 18 U.S.C. § 4209. At most, it is governed by the general provision of 26 U.S.C. § 7237(d) forbidding probation in selected offenses where the defendant is a second offender. *See* United States v. Lane, 284 F.2d 935 (9th Cir. 1960).

No distinction can be based upon the fact that in 26 U.S.C. § 7237(d) probation and suspension of sentence are not forbidden for first offenders in some cases, including that of the present defendant. It should be borne in mind that such a prohibition is an exception to the general rule which permits probation in all cases where life imprisonment or the death penalty is not possible. 18 U.S.C. § 3651. Congress has limited the sentencing discretion of the courts in few instances. Among them are the provisions relating to armed bank robbery (18 U.S.C. § 2113) and armed robbery of the mails (18 U.S.C. § 2114). The possibility of probation exists just as clearly in the case of an armed bank or mail robber as in the case of one convicted, like the defendant, of possession of marihuana for personal use. In all these instances, the statutory basis is the same—18 U.S.C. § 3651. It is difficult to maintain that Congress intended that a marihuana possessor be treated more leniently simply because it refused to treat one possessing marihuana as harshly as one selling narcotic drugs and left the possessor with the same possi-

bility of probation as other criminal defendants.

It is the duty of this Court to interpret Acts of Congress so as to give them full effect regardless of strong doubts about the wisdom or benefit of these provisions. Where the language and the intent of the Congress are clear, the remedy for any injustice that might result lies with the Congress and not with the courts.

## IV. CONCLUSION

Although this Court believes that the defendant—a young man with a promising future, who has never before been arrested for a crime and whose present crime is not the sale but the mere possession for personal and social use of marihuana—should be sentenced pursuant to the Youth Corrections Act, there is no power to impose such a sentence. This is so, not because the defendant fails to come within the provisions of 18 U.S.C. § 4209 because of his age, but because Congress has forbidden such an exercise of the Court's discretion in the case of all crimes where a mandatory penalty is fixed by law. Since in all narcotics crimes, including those involving marihuana, as well as in several other crimes such as armed bank or mail robbery, mandatory penalties are set by statute, the motion of the defendant for correction of sentence cannot be granted.

While the result is harsh, it does not appear to rise to the kind of cruel and unusual punishment proscribed by the Constitution, in light of the possibilities of probation and suspension of sentence here present. The wisdom or justice of treating those young adults convicted of the possession of marihuana in the same way as those convicted of armed bank or mail robbery or those convicted of selling narcotic drugs is doubtful. But revision of the law in this field must be left to Congress. The motion for correction of sentence is denied.

So ordered.