509 F.2d 881
 UNITED STATES of America, Appellee,
v.
Gregory Christopher BAILEY, Appellant.
UNITED STATES of America, Appellee,
v.
James Henry BROWN, Appellant.
UNITED STATES of America, Appellee,
v.
Irving Marion MAXWELL, Appellant.
UNITED STATES of America, Appellee,
v.
Robert Lee MORROW, Appellant.
UNITED STATES of America, Appellee,
v.
Larry Eugene WALLACE, Appellant.
 Nos. 73--2374 to 73--2378.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 30, 1974.
Decided Jan. 31, 1975.
 
 David R. Badger, Charlotte, N.C. (Court-appointed), for appellant in No. 73--2377.
 Keith M. Stroud, Charlotte, N.C. (Court-appointed), for appellant in No. 73--2374.
 Donald M. Tepper, New York City (Court-appointed), for appellant in No. 73--2378.
 James M. Shannonhouse, Jr., Charlotte, N.C. (Court-appointed), for appellant in No. 73--2375.
 Peter Goldberger, Third-year law student (Lila Bellar, Charlotte, N.C. (Court-appointed), on brief), for appellant in No. 73--2376.
 Michael S. Scofield, Asst. U.S. Atty. (Keith S. Snyder, U.S. Atty., on brief), for appellee in Nos. 73--2374, 73--2375, 73--2376, 73--2377 and 73--2378.
 Before BRYAN, Senior Circuit Judge, and WINTER and RUSSELL, Circuit Judges.
 ALBERT V. BRYAN, Senior Circuit Judge:
 
 
 1
 In three counts, George Christopher Bailey, James Henry Brown, Robert Lee Morrow and Larry Eugene Wallace were charged with the robbery of the Northeast Branch, North Carolina National Bank at Charlotte, North Carolina on July 9, 1973 in violation of 18 U.S.C. § 2113, and Irving Marion Maxwell was indicted with them as an aider and abettor, 18 U.S.C. § 2(a). Tried together, all five were found guilty. Bailey, Brown, Morrow and Wallace were each sentenced to 18 years imprisonment, and Maxwell to 14. They appeal.
 
 
 2
 With an exception now to be mentioned, no substantive defect in trial is to be found in any of these cases. The exception is in the sentencing of defendants Bailey, Morrow and Wallace but the findings of their guilt are affirmed. Each of these three, however, was under 22 years of age at the time of conviction and so were eligible for consideration under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005, 5006(e) et seq.
 
 
 3
 In argument at the bar of this court the United States Attorney called our attention to the circumstance that as to these three defendants before pronouncing sentence the District Court had not made the requisite finding upon whether any of them would benefit from treatment under the Act, 18 U.S.C. § 5010(d). For this omission the prosecution confessed error. It moved that these cases be remanded to the District Court to pass such new judgments on the verdicts as it may deem just after resolution of the question of benefit. Dorszynski v. U.S., 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974). It will be so ordered.
 
 
 4
 Another defendant, Brown, was 22 years of age at the time sentence was passed upon him and hence not within the mandates of the Youth Corrections Act.[1] But since he had not reached 26, the treatment outlined in that Act was permissibly available for his sentence as an adult offender,18 U.S.C. § 4209. Nevertheless, we do not hold this optional use of the latter section an indispensable consideration prerequisite to recourse to the regular adult punishments for offenses like Brown's. However, since he is a contemporary of his companions in crime, it would not seem amiss, if the District Court saw fit, to allow him the advantages of the Youth Corrections Act as far as extendable under § 4209. Consequently, his case will be remanded to the District Court for that consideration. See United States v. Wilson,450 F.2d 495, 498 (4 Cir. 1971).
 
 
 5
 Defendant Maxwell, since he was twenty-two years old when convicted, was not eligible for treatment under the Youth Corrections Act, but he asks to be adjudged an 'eligible offender' with the propitious provisions of the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. §§ 4251, 4252, as amended.
 
 
 6
 At the time of his sentencing the District Judge said: 'Now, Mr. Maxwell, at your age, you will be considered for parole after you serve one-third of that time. If your habit is as bad as you say it is you will need that length of time and maybe more to get rid of that habit. It is recommended that the defendant be examined to determine whether or not he is a narcotic addict and in the event he is that he be given the necessary treatment'. The record discloses no report made to the Court, after the commitment to the Attorney General, on whether he was an addict. However, there is no necessity to delve into it further because he does not qualify for the treatment provided by the Narcotic Act for an eligible offender as set forth in 18 U.S.C. § 4253.
 
 
 7
 This is because he had been 'convicted of a crime of violence'. 18 U.S.C. § 4251(f)(1). As defined in this Act a crime of violence 'includes . . . robbery . . . extortion accompanied by threats of violence, assault with a dangerous weapon or assault with intent to commit any offense punishable by imprisonment for more than one year'. 18 U.S.C. § 4251(b). Maxwell's principals were convicted of violating the bank robbery statute, 18 U.S.C. § 2113. It embraced the taking by force, violence and intimidation of $15,533.75 belonging to or in the possession of a bank and, in the commission of that act, assaulting a person. The crime comprised the putting in jeopardy of the life of the person by the use of a dangerous weapon. These offenses were punishable by imprisonment for more than one year.
 
 
 8
 Maxwell was convicted of aiding and abetting his co-defendants in the perpetration of these crimes. Therefore, since 18 U.S.C. § 2(a) declares that 'whoever commits an offense against the United States or aids (and) abets . . . its commission, is punishable as a principal', then he has been 'convicted of a crime of violence', which disqualifies him for treatment as an eligible offender under the Narcotic Act.
 
 
 9
 His participation was not simply passive or consultive. His four fellows entered the bank with sawed-off shotguns and a hand gun, presenting the weapons at the faces of the employees and warning that they would be killed if they did not cooperate with the four robbers. All the while Maxwell was waiting for them outside in an escape car. He drove them away immediately as they emerged from the bank. There was a running gun battle between the automobile's occupants and the police then in pursuit. The car was wrecked and four of the occupants including Maxwell then fled, leaving one of the robbers in the car. A trail of currency and weapons was left by the car and Maxwell with two of the robbers was found hiding in a culvert with large sums of paper money floating about.
 
 
 10
 Nevertheless, like Brown Maxwell was twenty-two years old when convicted. His case likewise should be remanded to the District Court to consider whether the provisions of the Youth Corrections Act, as allowed by § 4209, should avail him.
 
 
 11
 No ground appears for interfering with the guilty verdicts as to any of the appellants or with the judgments entered against appellants Brown and Maxwell.
 
 
 12
 Vacated in part; affirmed in part, and remanded.
 
 
 
 [1]
 The Act, 18 U.S.C. § 5006(e), states that a "Youth offender' means a person under the age of twenty-two years at the time of conviction'. It states, too, that "Conviction' means the judgment on the verdict or finding of guilty . . ..' In passing sentence the District Judge noted to Brown that his age was twenty-two. Thus he was not under the Act a 'youth offender'