**Fred BAILEY, a/k/a Fred Bailey, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11781.**

District of Columbia Court of Appeals.

Argued Nov. 16, 1977.

Decided April 5, 1978.

Rehearing and Rehearing En Banc Denied May 24, 1978.

Joseph Forer, Washington, D. C., for appellant.

Robert M. McNamara, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Percy H. Russell, Jr., and Eugene M. Propper, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and HARRIS, Associate Judges.

NEBEKER, Associate Judge:

This appeal, from the denial of a third attempt in the trial court to vacate a 1972 life sentence imposed under a first-degree murder guilty plea,[1] presents the question whether the trial court, after a hearing, erred in concluding that the plea was not influenced in a significant way by assumedly erroneous advice of counsel that a plea and prompt sentencing before appellant's twenty-second birthday were necessary for Federal Youth Corrections Act (18 U.S.C. §§ 5005 *et seq.* (1970) (hereinafter, FYCA)) eligibility. Judge Murphy found the plea to have been a voluntary and intelligent one, despite the assumed error of counsel, because the error was "in no sense the inducement for the plea." We affirm.

At the plea proceeding on November 20, 1972, appellant admitted shooting the decedent in the back as he was running away, and then shooting him once or twice more after he fell to the ground. The government was prepared to offer six eyewitnesses to the murder. Appellant told the judge at that time that he was satisfied with the services of his lawyer, and that his plea was not made in response to threats, harassments, inducements or offers of a bribe. In addition, the judge told appellant he was eligible for sentencing under the FYCA, but that there was no promise that he would be so sentenced.

Appellant's counsel at the time of the plea, an experienced practitioner of criminal law here, advised appellant and his family of the timing for FYCA eligibility consistently with the language of that Act. 18 U.S.C. § 5006(d) provides that a person must be no older than twenty-two "at the time of conviction" to be eligible for FYCA treatment. 18 U.S.C. § 5006(g) defines conviction as a "judgment on a verdict or find-

1. Charges of assault with a dangerous weapon, D.C.Code 1973, § 22–502, and carrying a pistol without a license, D.C.Code 1973, § 22–3204, were dismissed at the time of the sentencing.

On direct appeal from his conviction, appellant challenged the trial court's imposition of an adult sentence rather than a sentence under the FYCA. This court affirmed the judgment in No. 7402. Shortly thereafter, appellant filed a *pro se* motion to withdraw the guilty plea under D.C.Code 1973, § 23–110. That motion was denied by the trial court and affirmed by this court in No. 8514. Another *pro se* motion to vacate the sentence was denied by the trial court on January 6, 1975, but not appealed.

ing of guilty, plea of guilty or a plea of nolo contendere." This is consistent with Fed.R. Crim.P. 32(b)(1) and Super.Ct.Cr.R. 32(d) which provide that "[a] judgment of conviction shall set forth the plea, verdict or findings, and the adjudication and sentence."

Notwithstanding this seemingly clear legislative definition, some federal appellate courts have, in an effort to expand FYCA application, held that the Act's provisions are available to anyone against whom a verdict of guilty—by trial or by plea—has been rendered before the twenty-second birthday. *See Jenkins v. United States*, 555 F.2d 1188 (4th Cir. 1977); *United States v. Branic*, 162 U.S.App.D.C. 10, 495 F.2d 1066 (1974); *Young Hee Choy v. United States*, 322 F.2d 64 (9th Cir. 1963). However, at the time of appellant's plea (November 20, 1972), no authoritative decision to that effect had been rendered by this court or our federal counterpart here, despite the fact that some 8 years before the United States District Court here had reached the more liberal conclusion. *See United States v. Carter*, 225 F.Supp. 566 (D.D.C.1964). We think it unnecessary to decide the point now for we find the trial court's ruling to be free of error on the gratuitous assumption indulged by the trial court that counsel's advice was in error. We follow the analysis used by the trial court in assuming erroneous advice as it is the most narrow way of deciding the case. To do otherwise would require our resolution unnecessarily of the conflict between the Act's definitional provisions and the more expansive holding of some of the federal appellate courts. This in turn would require resolution of an otherwise avoidable constitutional issue of ineffectiveness of counsel—that issue hinging on whether at the time of the plea the advice of counsel was simply lacking in clairvoyance or so clearly erroneous as to render his service and the plea invalid under a farce and mockery standard. *See Smith v. United States*, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963).

2. This finding apparently is based on the testimony of all the witnesses at the § 23–110

Bailey and three of his relatives testified at the hearing on the motion to vacate that counsel told him that he would lose his FYCA eligibility by going to trial because sentencing most likely would not occur until after his birthday, February 20, 1973. However, Bailey, his relatives and counsel also testified that counsel advised them that a trial would hurt his chances of receiving a FYCA sentence, because the damaging evidence presented through six eyewitnesses at trial would tend to convince the trial judge that Bailey lacked the potential for rehabilitation. After initial unwillingness to plead guilty, appellant was persuaded such was the better course.

The trial court found Bailey's plea to be voluntary, considering "all of the relevant circumstances surrounding it." Although Bailey was urged by his family to follow his attorney's advice to plead to the charge, the trial court found that appellant was "in every objectifiable way capable of rendering his own decisions," and that he "freely made the unpleasant decision."

In addition, the trial court found that Bailey was "an articulate twenty-one year old college student" who could comprehend everything said to him regarding his plea. According to the trial court, Bailey's plea was intelligently made, despite his lawyer's advice as to timing of the plea:

> The Court has found that this misinformation was an insignificant factor in the defendant's calculus. His decision was reached because his attorney, an experienced criminal practitioner  .  .  . strongly urged a plea as the only practical shot at receiving the more lenient treatment of the Youth Act. The inducement for this plea was based on his attorney's good-faith and reasonable judgment that a Youth Act sentence would more likely be imposed by a judge spared the ugliness of a murder trial at which Mr. Bailey had virtually no chance of acquittal. Although the defendant was told that a Youth Act sentence was possible whether he pled or went to trial,[2] he was

hearing that counsel explained that full exposure of the damaging facts at trial could only

also told that the risk of exposure in the latter forum militated strongly against such a disposition. That assessment, premised as it was on human nature and professional experience, cannot be attacked. Mr. Bailey may have believed that he had to make his decision fairly quickly and indeed more quickly that in fact was the case. The sense of urgency, communicated by counsel, had little to do with the legal error of timing; rather it was thought best for the defendant to "get the show on the road" because the state of the law then favored Youth Act commitments in this jurisdiction and because no matter how one calculated deadlines, Mr. Bailey was approaching ineligibility.

■ On factual issues, including whether the FYCA advice was a significant factor in the plea decision, our review of the denial of a § 23–110 motion is limited to the question of whether the trial court's findings are clearly wrong or without evidence to support them. *See* D.C.Code 1973, § 17–305.[3] We view the record as supporting the finding that the assumedly bad advice was an insignificant factor in the decision to plead guilty.

■ Appellant contends, however, that the court's finding that the error was an insignificant inducement is beside the point, when the issue is whether his plea was an informed one. In effect, he is arguing that any one error in counsel's advice to his client is sufficient to invalidate a plea as unintelligently made.[4] We cannot agree, for letter-perfect counseling is not the touchstone for determining whether a plea of guilty was intelligently made. *See Lee v. Hopper,* 499 F.2d 456 (5th Cir. 1974); *Wellnitz v. Page,* 420 F.2d 935 (10th Cir. 1970).

Appellant relies heavily on *Tolliver v. United States,* 563 F.2d 1117 (4th Cir. 1977), in support of his position, but we deem that case to be distinguishable. Tolliver's attorneys advised him to plead guilty to avoid going to trial where his prior convictions would be used to impeach his credibility and would result in double penalties. However, his prior convictions were under a statute which had been largely invalidated by the Supreme Court, and thus it was not clear that he risked impeachment or double punishment at a trial. But for this mistaken advice, Tolliver would have gone to trial. However, that was not the case with appellant, as the trial court found and the record amply demonstrates. Moreover, we think it significant that Tolliver forfeited his right to trial in major part because he erroneously assumed his credibility at trial would be destroyed. Bailey, on the other hand, faced with a virtual guarantee of conviction at trial, was influenced solely by a desire to enhance the chance of more lenient punishment. It is well-established in the closely-analogous motions for withdrawal of guilty pleas after sentencing (Fed.R.Crim.P. 32(d))

persuade the judge that appellant lacked rehabilitative potential, convincing him to impose an adult sentence, rather than an FYCA sentence. Necessarily implicit in such a statement is the fact that appellant would have been eligible for FYCA treatment after a trial. Nevertheless, we do not predicate our holding on this finding.

3. *Compare Bettis v. United States,* D.C.App., 325 A.2d 190 (1974), which holds that on appeal from a Super.Ct.Cr.R. 32(d) motion, the court may determine only whether the trial court abused its discretion in denying withdrawal of a guilty plea.

4. Appellant claims that a second error occurred when counsel advised him that a decision was imminent from this court which might limit the trial judge's FYCA sentencing discretion or might preclude FYCA sentences for first-degree murder convictions. Counsel suggested that an immediate plea might result in sentencing prior to that decision. Appellant now contends that the possibility of such an appellate decision was an argument against pleading guilty because such FYCA sentence would be retroactively invalidated by such a holding by this court. We are not convinced of any error in this advice. A sentence lawful when imposed cannot be increased once the defendant has begun to serve it, even though it is subsequently invalidated. *See Hayes v. United States,* 102 U.S.App.D.C. 1, 249 F.2d 516 (1957). Thus, if appellant had been sentenced under the FYCA and had begun serving that sentence, an adult sentence could not have been imposed if this court had denied FYCA treatment to persons convicted of first-degree murder.

that "manifest injustice does not result from a plea of guilty following erroneous advice of counsel as to the penalty which could be imposed." *Smith v. United States, supra,* 116 U.S.App.D.C. at 408, 324 F.2d at 440. *See also Masciola v. United States,* 469 F.2d 1057 (3d Cir. 1972); *Georges v. United States,* 262 F.2d 426 (5th Cir. 1959); *United States v. Parrino,* 212 F.2d 919 (2d Cir.), *cert. denied,* 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

In addition, we are, as stated above, not persuaded that we must reach and decide the constitutional question of effectiveness of counsel as the *Tolliver* court did. There the Fourth Circuit found counsel's advice to be so erroneous and so controlling on the plea decision as to constitutionally vitiate the plea. A similar decision in this case is not dictated under the standards for effectiveness of counsel[5] by the state of the law in 1972, but inasmuch as we can predicate our holding on narrower grounds, we need not decide whether the *Tolliver* rationale and result are persuasive on this record.

Accordingly, the order denying § 23–110 relief is

*Affirmed.*

KELLY, J., concurs in the result.

5. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).