AUSTIN E. PELTON, Plaintiff, v. J. H. ROSEN and Pearl Rosen, Defendants.

(176 N. W. 920.)

**Judges — statute held to permit but one affidavit of prejudice at same term.**
Chapter 1, Laws 1919, which provides that either party to a civil action may file, before the opening of a term of court, an affidavit of prejudice against the judge to preside thereat, has reference in application, to the term of court to be held, and does not permit the filing of more than one affidavit of prejudice against a judge to preside at such term.

Opinion filed February 24, 1920.

Motion of plaintiff to designate a new trial judge, under a second affidavit of prejudice, filed in a cause pending in District Court, Dunn County.

Motion dismissed.

*W. F. Burnett* and *Alf O. Nelson,* for plaintiff.

*J. A. Hyland* and *T. J. Krause,* for defendants.

PER CURIAM. This is an action pending in Dunn county, sixth judicial district. Prior to the commencement of the September, 1919 term of the district court in that county, the defendants filed an affidavit of prejudice against Judge Crawford, to preside thereat.

This affidavit was filed with the supreme court on September 26, 1919. Thereupon Judge Lembke, of the same district, proceeded to hold such term of court, commencing on September 29, 1919, and was designated by this court to try this cause. At the opening of this term, the plaintiff filed an affidavit of prejudice against Judge Lembke. Upon the filing of this affidavit of prejudice in the court is was ordered that the application be denied, it appearing that the same was not filed within the time prescribed in said chap. 1, Laws 1919. The subject-matter is before this court upon motion of the plaintiff for recognition of his affidavit of prejudice filed. The plaintiff contends that, under the statute, permission is granted for each of the parties to file an affidavit of prejudice against a presiding judge, and that the exercise of this

right by one of the parties does not deny its exercise by the other. It is further contended that plaintiff's affidavit of prejudice was filed, in fact, anterior to the opening of the term of court on September 29, 1919; this is denied by the plaintiff.

Chapter 1, Laws 1919, § 1, provides as follows:

"When either party to a civil action pending in any of the district courts of the state shall after issue joined and before the opening of any regular, special, or adjourned term at which the cause is to be tried, file an affidavit stating that he has reason to believe and does believe that he cannot have a fair and impartial trial or hearing before the judge of the district court by reason of the prejudice or bias of such judge, the court shall proceed no further in the action and shall thereupon be disqualified to do any further action in said cause."

The act further provides that such affidavit, with two copies, shall be filed with the clerk of the district court, and that such clerk shall forward to the clerk of this court a copy thereof; that, thereupon, this court shall designate a district judge to act in the place and stead of the judge disqualified; that the judge designated shall proceed with the trial of the cause, and that, after the filing of such affidavits, no juror shall be excused except for good cause. Section 7 thereof provides that not more than one change shall be granted on the application of either party.

The machinery provided for permitting such change of judges by affidavit of prejudice, as well as the verbiage used in the act, do not disclose any intent to grant two distinct and different changes of judges during one term upon a pending cause. No construction can be read into the statute which will permit both parties to a pending cause, at a specific term, to claim and to have the right to disqualify successively a presiding judge by affidavit of prejudice provided in the act. To so do would in a manner destroy the purposes and intent of the act. Under the present practice, the moving party places the pending cause upon the calendar; he, or the adverse party prior to the opening of the term, may disqualify the judge to preside thereat. The plaintiff, in contending for the right of both parties to a change of judges under the statute, admits that, if the adverse party does not file his affidavit of prejudice until just prior to the opening of the term, the exercise of the right by the other is lost; and further, that, if a new judge be not

designated by this court until after the opening of the term, the right of the adverse party to disqualify another judge is again lost unless. an affidavit of prejudice may be filed after the opening of the term. It is apparent that these contentions, if upheld, in the interpretation and application of the statute, will simply lead to confusion worse confounded. Its terms and intent are to provide for the allowance of one change of judges. By such construction the cause may regularly proceed at the term, after one affidavit has been filed, through the prompt designation of a new presiding judge by this court.

The act contemplates not a continuance over the term, but a trial of the pending cause during that term by the new designated judge. The statute applies to the right to disqualify a judge during a term. It does not deprive the adverse party of a right to demand a new designated judge through an affidavit of prejudice at a subsequent or another term. It is held, therefore, that chap. 1, Laws 1919, permits only one affidavit of prejudice to be filed against the prospective presiding judge at a term to be held. That furthermore, if, for any cause, the case be continued to another term, whether regular, special, or adjourned, another affidavit of prejudice may be made by the other party. The judge, however, who has once been disqualified by the affidavit, continues disqualified. The motion is dismissed.