Governor Bill Clinton State Capitol Little Rock, AR 72201
Dear Governor Clinton:
This is in response to your recent opinion request regarding the constitutionality of the compliance language appearing in Senate Bill 132 and in most appropriation bills. In that request, you touch upon the potential constitutional problems with the language in question. I, too, believe that the language is problematic and that the Bill is rendered unconstitutional as a result.
The language appearing in Section 4 of Senate Bill 132 appears to be constitutionally deficient under several alternative theories, each premised upon Ark. Const., Art. 4. Of foremost concern is its attempt to give the "document" produced by the Bureau of Legislative Research the full force and effect of law. Indeed, it is explicitly stated under Section 4 that:
 ". . . the restrictions of . . . other fiscal control laws of this State, where applicable, including the document produced by the Bureau of Legislative Research reflecting legislative intent . . . shall be strictly complied with in disbursement of said funds." (Emphasis added.)
This provision renders the Bill unconstitutional as an unlawful delegation of legislative authority. The attempt to give a sub-group a power properly belonging to the whole legislature is contrary to Ark. Const. 2, Art. 4. This has been couched in terms of a violation of the "separation of powers" doctrine. In Walden v. Hart, 243 Ark. 650, 420 S.W.2d 868 (1967), the Arkansas Supreme Court determined that the legislature gave "unbridled discretion" to city officials in the administration of an Act, thus rendering the Act unconstitutional. 420 S.W.2d at 870. The court concluded "under our constitutional doctrine of separation of powers the functions of the Legislature must be exercised by it alone. The power cannot be delegated to another authority." Id., citing Ark. Const., Art. 4. This same principle was voiced by the Montana Supreme Court in State ex rel. Judge v. Legislative Finance Committee, 543 P.2d 1317 (Mont. 1975). The Legislature had established a finance committee to approve budget amendments to allow the expenditure of unanticipated revenues. The Court held the statute unconstitutional, concluding that the legislature cannot give a sub-group a power properly belonging to the whole legislature.
The language of section 4 of Senate Bill 132 essentially cloaks the Bureau of Legislative Research with lawmaking powers. While one might argue that the Bureau will simply be recording legislative intent and not construing or interpreting the Bill, practical dangers will inevitably arise, particularly in the absence of any reasonable guidelines governing the Bureau's "reflection" of legislative intent. This defect was, in fact, fatal in Walden v. Hart, supra. The Bureau could, presumably, interpose its own opinions and interpretations, which would control despite the clarity of the Bill on its face. In fact, it is reasonable to assume that a determination of legislative intent will involve interpretation to some extent. The "law" at that point would include not only the language of the Bill, but would also extend to the Bureau's pronouncements of the Bill's application. Indeed, it has been stated that (w)hoever hath an absolute authority to interpret any written or spoken laws, it is he who is truly the law-given to all intents and purposes, and not the person who first wrote or spoke them." Sutherland, Stat. Constr. 45.03 (4th Ed. 1984), citing Gray, Nature and Sources of Law (2nd Ed. 1921). Yet no such lawmaking power can be delegated. Reid v. Memphis Pub. Co., 521 F.2d 512 (6th Cir. 1975), cert. denied. 429 U.S. 964 (1976).
The General Assembly has historically enacted specific provisions declaring public policy and legislative intent. See e.g. Ark. Stat. Ann. 81-1101, 81-1102 (Repl. 1976). Abandonment of such an approach in this instance, particularly in the absence of clearly defined limits on the powers of the Bureau of Legislative Research, leads to the conclusion that the boundaries of Ark. Const. 2, Art. 4 have been overstepped.
Action by the entire General Assembly would not, however, necessarily cure this constitutional infirmity. Two other alternative theories for declaring the language in question unconstitutional are also based upon the separation of powers principle. Yet neither one is contingent upon action by a legislative sub-unit. Action by the whole legislature under the terms of this Bill would be repugnant to Article 4 of the Arkansas Constitution according to these theories.
Both theories are premised upon the unlawful usurpation of one branch of government's authority by another. Section 2, Article 4
of the Constitution of Arkansas provides as follows:
 No person, or collection of persons, being one of these departments (legislative, executive and judicial), shall exercise any power belonging to either of the others, except in instances hereinafter expressly directed or permitted. (Emphasis added.)
The Arkansas Supreme Court has on at least one occasion determined that this so-called "separation of powers" clause prohibits the legislature from assuming judicial responsibilities. Federal Express Corp. v. Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979). It is an accepted maxim that it is ultimately the court's province and duty to construe laws enacted by the legislature. 73 Am.Jur.2d 142 (1974). The Court in Federal Express Corp. v. Skelton affirmed this maxim by nullifying a legislative attempt to express the intent of a previous General Assembly enactment. The Court concluded that the power to declare a legislature's intent is judicial and cannot be exercised by the legislature. Id. See also Jones v. United States, 419 F.2d 593, 598 (8th Cir. 1969).
There can be no doubt, however, that a declaration of legislative intent is precisely what is authorized under Section 4 of Senate Bill 132. What is again perhaps even more suspect is the effective elevation of the "document" reflecting legislative intent to the status of "law." Section 4 purports to make the pronouncement of legislative intent a part of the law itself, effectively precluding the judicial branch from exercising its authority to construe the law. The legislature is exercising a power in its nature clearly judicial by mandating performance of the court's judicial function in a particular way. The document produced by the Bureau of Legislative Research is not simply one factor for the court to consider in establishing legislative intent. Rather, the court is being directed in its interpretation of the Bill. As the Supreme Court stated in Federal Express Corp. v. Skelton, "the legislature may not exercise a judicial function in any case not expressly authorized by the Arkansas Constitution." 578 S.W.2d at 6. Yet there is no provision in the Constitution authorizing the legislature to assign responsibility to a legislative research group to ascertain legislative intent after enactment of the Bill. The resultant "document" is, moreover, part of the law. The legislature has usurped the judicial function in requiring compliance with the stated legislative intent, in contravention of Ark. Const. 2. Art. 4.
The separation of powers clause suggests another reason why the compliance language constitutes an unconstitutional infringement upon the power of the other branches of government. The legislature is arguably administering a previously approved appropriation by conferring on the Bureau of Legislative Research the power to declare legislative intent. It has been stated that the power of the legislature has been exhausted once an appropriation has been made. See Meyer v. State Board of Equalization and Assessment, 185 Neb. 490, 176 N.W. 920 (1970); A.G. Opinion No. 82-132 (September 7, 1982). The court in the Meyer case expressed this principle as follows: "(The legislature) cannot administer the appropriation once it has been made. When the appropriation is made, its work is complete and the executive authority takes over to administer the appropriation to accomplish its purpose." 185 Neb. at 500.
The obvious argument in response is that the Bureau of Legislative Research will not be administering the appropriation, but will only be stating what the legislature intended when it enacted the particular bill. This exalts form over substance. The Bureau will in fact be stating the purpose of the appropriation, and there is no provision in the Constitution supporting this power. To the contrary, Section 29 of Article 5 explicitly states that ". . . the purpose of (the appropriation) . . . shall be distinctly stated in the bill. . . ." The document produced by the Bureau of Legislative Research is obviously not part of the appropriation.
The foregoing arguments all support the conclusion that the language appearing in Section 4 of Senate Bill 132 is unconstitutional. The "unlawful delegation of legislative authority" argument is in my opinion the most persuasive. It might be successfully argued, in response to the second theory, that the judiciary has not been absolutely precluded from exercising its power to interpret the law. A court, according to such an argument, would simply look to the Bureau's statement of legislative intent along with other sources of intent in construing the bill in question.
Similarly, the third argument might fail is one presented persuasive evidence that the statement of legislative intent will not intrude upon another branch's administration of the appropriation. This might be true if the statement of intent is limited in scope to specifying what the funds can be spent for. See Anderson v. Lamm, 579 P.2d 260 (Colo. 1978). (Note: This may still be problematic if the specifications are not contained in the bill itself.)
The fact remains, however, that the legislature has delegated authority to make these statements to a sub-unit, and has purported to give the statements the force and effect of law. This attempt to delegate lawmaking authority to a smaller body, thereby evading the requirement of action by the entire General Assembly, cannot be squared with the Arkansas Constitution.
This opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.